Commonwealth ex rel. Norman, Appellant, *v.* Stitzel.

Argued January 10, 1967. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Emmanuel H. Dimitriou,* for appellant.

*Ralph J. Althouse, Jr.,* Assistant District Attorney, with him *W. Richard Eshelman,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, April 18, 1967:

On June 15, 1962, Albert Norman was convicted by a jury in Berks County of murder in the second degree. No post trial motions were filed, and on July 5, 1962, a sentence of imprisonment for a term of ten to twenty years was imposed. No appeal was filed from the judgment. Throughout the trial and sentence proceedings, Norman was represented by counsel retained by his family.

On June 9, 1965, an action in habeas corpus was instituted which the trial court dismissed after hearing. An appeal from that order is now before us.

At trial a recorded statement, given by Norman to investigating officers following his arrest, was admitted in evidence over counsel's objection. It is now contended that this statement was not voluntarily given and its use in evidence was further constitutionally impermissible, because during the questioning Norman's requests for the assistance of counsel were refused and ignored.[1]

Our examination of the record leaves no doubt but that the statement involved was given freely and voluntarily. The killing occurred on April 15, 1962, between 12:30 and 1:00 o'clock in the afternoon.[2] Norman was

---

[1] It was also asserted below that Norman was denied the effective assistance of counsel in the filing and prosecuting of an appeal; however, this issue has not been pressed in this appeal.

[2] Norman shot three bullets from a .22 semi-automatic rifle into one James Surratt, while the latter was trying to evade and

taken into custody shortly thereafter and immediately admitted to the arresting officers that he did the shooting. About 3 p.m., he was taken to a hospital for a physical and alcoholic examination. En route to the hospital, he told the accompanying officers that he had shot the victim two or three times. He was first formally questioned beginning at 4:15 p.m. Without hesitation he detailed his version of the entire occurrence to the captain of detectives. The district attorney was then notified, and upon his arrival at police headquarters in city hall about 6 p.m. Norman's answers to questions were stenographically reported, then typewritten, and each page signed by Norman.

It is not disputed that before the questioning began, Norman was warned that he did not have to say anything, and whatever he did say would be used against him in court. During his trial testimony Norman did not say that he requested the assistance of counsel during the police questioning. However, in the habeas corpus hearing he insisted such a request had been made several times, and that the requests were completely ignored; or that he was told he did not need a lawyer. The hearing court refused to believe his present testimony in this respect and concluded it was pure afterthought. We agree with this conclusion.

Since this case was tried prior to the announcement of *Miranda v. Arizona,* 384 U.S. 436 (1966), and *Escobedo v. Illinois,* 378 U.S. 478 (1964), these decisions do not apply (*Johnson v. New Jersey,* 384 U.S. 719 (1966)), and the absence of counsel during the police interrogation did not ipso facto render the statement inadmissible as evidence at trial. See *Commonwealth ex rel. Keller v. Maroney,* 419 Pa. 318, 214 A. 2d 249 (1965); *Commonwealth v. Schmidt,* 423 Pa. 432, 224

---

run away from him. One bullet entered through the back and another the hip area of the body. The plea was self-defense.

A. 2d 625 (1966) ; and *Commonwealth v. Jefferson*, 423 Pa. 541, 226 A. 2d 765 (1967). It was a factor like all of the other circumstances present, including the fact that Norman was held incommunicado during the early period of police custody, to be considered in determining the voluntariness question. See *Davis v. North Carolina*, 384 U.S. 737 (1966).

Norman also maintains that the court below erred in considering the trial testimony in adjudicating the merits of the habeas corpus petition. With this we do not agree. While the trial record was not introduced in evidence, the court made it abundantly clear during the hearing that the trial testimony would be considered in conjunction with the evidence introduced during the habeas corpus proceedings. Moreover, in evaluating the merits of post trial petitions for habeas corpus, this Court has consistently considered the trial record in connection therewith. See, *Commonwealth ex rel. Holben v. Russell*, 418 Pa. 22, 208 A. 2d 861 (1965) ; *Commonwealth ex rel. Wright v. Cavell*, 422 Pa. 253, 220 A. 2d 611 (1966) ; and *Commonwealth ex rel. Loveday v. Myers*, 422 Pa. 483, 222 A. 2d 725 (1966). It is true that as a general rule a court may not take judicial notice of the records in another case: *Naffah v. City Deposit Bank*, 339 Pa. 157, 13 A. 2d 63 (1940). However, this is not such. It is one and the same case, and in fairness to the defendant, as well as the Commonwealth, all pertinent court testimony therein should be considered in determining the issue involved.

This is particularly so in the present instance since the habeas corpus hearing was in the nature of a post trial hearing on the voluntariness issue as dictated by *Jackson v. Denno*, 378 U.S. 368 (1964).[3] While *Jack-*

---

[3] The court did not conduct an independent hearing on this issue during the trial.

*son* requires an independent determination of the voluntariness issue, it does not require that during such a post trial hearing the trial record be ignored. Such a hearing affords the accused another opportunity to challenge the voluntariness of his extrajudicial statements and to present additional testimony available on the issue. The trial testimony is also competent and material evidence. In *Townsend v. Sain,* 372 U.S. 293 (1963), the United States Supreme Court remanded a case for an evidentiary hearing on the issue of the voluntariness of a confession introduced in evidence at trial. At page 322, the Court aptly stated: "To be sure, the state-court record is competent evidence, and either party may choose to rely solely upon the evidence contained in the record, but the petitioner, and the state, must be given the opportunity to present other testimonial and documentary evidence relevant to the disputed issues . . . ."

Order affirmed.