## Commonwealth v. Vitzen, Appellant.

Argued March 16, 1967. Before Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Ettore S. Agolino,* for appellant.

*Robert J. Cassidy,* First Assistant District Attorney, with him *Ferdinand F. Bionaz,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Eagen, May 24, 1967:

On March 24, 1960, Joseph Walter Vitzen was convicted in Cambria County by a jury of murder in the

second degree. No post trial motions were filed, and on April 25, 1960, he was sentenced to imprisonment for a term of ten to twenty years under which he is still confined. No appeal was entered from the judgment. Throughout the trial and sentence proceedings, he was represented by self-retained counsel.

On August 2, 1966, Vitzen filed a petition for relief under the Post Conviction Hearing Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1966), which the trial court denied after hearing. The correctness of that order is challenged by this appeal.

At trial, testimony of statements made by Vitzen to investigating officers following his arrest was introduced against him in evidence. In the instant proceeding, Vitzen maintains that this violated due process because the statements were made at a time when he was so intoxicated that it was impossible for them to have been intelligent and voluntary. It is also asserted that evidentiary use of the statements was further constitutionally proscribed, because at the pertinent time he was without the assistance of counsel, and not advised of his right to such assistance or warned of his right to remain silent.

Since the trial occurred prior to the announcement of the decisions in *Escobedo v. Illinois,* 378 U.S. 478 (1964) and *Miranda v. Arizona,* 384 U.S. 436 (1966), the absence of counsel and warnings as to constitutional rights during in-custody questioning, required by these pronouncements, did not, in itself, prohibit evidentiary use of the testimony here involved. See *Commonwealth ex rel. Norman v. Stitzel,* 425 Pa. 184, 228 A. 2d 373 (1967) ; *Commonwealth v. Schmidt,* 423 Pa. 432, 224 A. 2d 625 (1966) ; and *Johnson v. New Jersey,* 384 U.S. 719 (1966). They were factors, like all of the other attending circumstances, to be considered in the determination of the voluntariness question. See *Davis v. North Carolina,* 384 U.S. 737 (1966). And

since Vitzen was not afforded an independent hearing and determination of this question at trial, as required by *Jackson v. Denno*, 378 U.S. 368 (1964), a substantive test thereof was properly raised in these proceedings. See *Johnson v. New Jersey*, supra.

The hearing court below found that the challenged statements were intelligently and freely made. Vitzen contends this conclusion is not supported by the record. At the post trial hearing the testimony was limited to that offered by Vitzen. The Commonwealth saw fit not to offer any testimony and to rest its case on a consideration of the whole record. Under the mistaken belief that the Commonwealth is required to come forward anew with evidence to establish the voluntariness of the statements, it is now argued that the Commonwealth failed to prove this fact beyond a reasonable doubt. As we recently pointed out in *Commonwealth ex rel. Norman v. Stitzel*, supra, the post trial hearing affords the accused another opportunity to challenge the voluntariness of his extrajudicial statements and to present additional available evidence on the issue. However, the trial testimony is also properly for the court's consideration in resolving the question. As aptly stated in *Townsend v. Sain*, 372 U.S. 293, 322 (1963), wherein the United States Supreme Court remanded a case for an evidentiary hearing on the issue of the voluntariness of a confession introduced at trial, "To be sure, the state-court record is competent evidence, and either party may choose to rely solely upon the evidence contained in that record, but the petitioner, and the State, must be given the opportunity to present other testimonial and documentary evidence relevant to the disputed issues . . . ." (Footnote omitted.)

A review of the record discloses that the killing occurred about 1:50 a.m. on December 9, 1959. At the time Vitzen, according to the testimony, was under the

influence of intoxicating liquor. About 3:50 a.m. he was questioned briefly by an investigating police officer and denied knowing anything about the occurrence. About 6:30 a.m. he was again questioned by the same officer, and this time he admitted shooting the victim, a married woman who was separated from her husband and had been living off and on with Vitzen for about two years. The shooting occurred during an argument about her returning to live with her husband. Beginning at 10:15 a.m. he was questioned by an assistant district attorney in the presence of other investigating officers and the questions, and the answers, were stenographically recorded.

According to the Commonwealth's evidence, while Vitzen still showed visible signs of intoxication when questioned at 6:30 a.m., his speech was coherent, his mind clear, and his conversation indicated a clear understanding of past events. The record is silent as to his specific condition at 10:15 a.m.; however, it does show that he was in-custody continuously from shortly after the killing and had no liquid refreshments except coffee during the pertinent period.

Our reading of the record is persuasive that the statements now challenged were intelligently and freely made, as was found by both the jury and the postconviction court below. In assessing this question, it is noteworthy that evidence thereof was admitted at trial without any objection being entered or contention raised that they were not the free and intelligent act of Vitzen. The statements coincided, in most part, with his trial testimony which lends strong credence to the conclusion, that at the time they were made he enjoyed an intelligent recollection and comprehension of the event.

Order affirmed.

Mr. Justice COHEN concurs in the result.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.