Commonwealth *v.* Norman, Appellant.

Submitted December 2, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Fred I. Noch,* Public Defender, for appellant.

*Robert I. Van Hoove,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, December 29, 1971:

Appellant Albert Norman here contests the dismissal of his petition filed pursuant to the Post Conviction Hearing Act[1] in which he alleged he had been denied his right of appeal. The hearing court refused

---

[1] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq.

to hear any testimony on whether Norman knowingly waived his appeal rights, ruling as a matter of law that appellant had finally litigated this question and therefore no hearing was required. For the reasons that follow, we disagree and remand the record to the PCHA court for a hearing on whether appellant knew of his right to appeal and of his right to have counsel appointed to assist him, if he is indigent.

Appellant was tried before a jury and convicted of second-degree murder on June 15, 1962. No post-trial motions were filed, and on July 5 of the same year he was sentenced to a term of imprisonment of from ten to twenty years. Appellant was represented throughout the trial and sentencing proceedings by counsel retained by his family. No appeal was taken from the judgment of sentence.

Appellant filed a petition for a writ of habeas corpus on June 9, 1965, which was dismissed after a hearing. This Court unanimously affirmed that order on April 18, 1967. See Commonwealth ex rel. Norman v. Stitzel, 425 Pa. 184, 228 A. 2d 373 (1967).

Appellant then filed a PCHA petition on June 5, 1967. A hearing was scheduled, but appellant asked for a continuance. The matter was continued indefinitely.[2]

Appellant filed a second PCHA petition on November 1, 1968, claiming ineffective assistance of counsel in that he had never been apprised of his right of appeal from the judgment of sentence. Hearing was held on April 2, 1969, at which time the court dismissed his

---

[2] We note that the language in Section 4(b) of the Post Conviction Hearing Act states that an issue is waived if it is not raised inter alia, ". . . in a prior proceeding actually initiated under this Act." However, appellant did allege the denial of his appeal rights in his 1967 petition, and hence a waiver can not be predicated on that petition, which was initiated but continued indefinitely. Section 4(a) dealing with final litigation has no comparable provision.

petition, ruling that appellant had finally litigated this issue because our Court had the trial record before us at the time of appellant's habeas corpus appeal. This appeal ensued.

In our recent decision in *Commonwealth v. Cannon,* 442 Pa. 339, 275 A. 2d 293 (1971), we held that absent clear and direct evidence that a petitioner had abused the writ by seeking to litigate his claims in a piecemeal fashion as a means of vexation, harassment, and delay, the failure to raise an issue in a habeas corpus petition filed prior to the effective date of the Post Conviction Hearing Act[3] did not foreclose judicial consideration of the merits of that issue in a subsequent proceeding for at common law the dismissal of a habeas corpus petition was not a bar to a second petition or writ.

Hence, the hearing court was in error in determining that appellant's prior habeas corpus appeal foreclosed any consideration of whether he had been denied his right of appeal from the judgment of sentence. The decision of our Court in that habeas corpus appeal specifically noted that we were not then considering whether appellant had been denied the effective assistance of counsel in the filing and prosecuting of an appeal. See *Commonwealth ex rel. Norman v. Stitzel,* supra at 185 n.1, 228 A. 2d at 375 n.1. We therefore conclude the issue was not finally litigated, and no waiver occurred.

Defendant contends that he was denied the constitutional rights of appeal guaranteed by *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963). He asserts that at the conclusion of his trial he was indigent and unaware of either his right of appeal or his right to court-appointed counsel for the purpose of appeal. This Court has held that in deciding whether *Douglas* rights

---

[3] The Act became effective on March 1, 1966.

have been violated ". . . the burden of demonstrating a waiver of these rights by an indigent defendant where, as here, the record is silent . . . is placed upon the Commonwealth." *Commonwealth v. Wilson,* 430 Pa. 1, 3, 241 A. 2d 760, 762 (1968). See also *Commonwealth v. Stewart,* 430 Pa. 7, 241 A. 2d 764 (1968). To the suggestion that this burden would somehow shift because defendant retained private counsel during his trial this Court responded: "Nor do we think that the requirements of Wilson and Stewart become relaxed simply because appellant was able to afford private trial counsel." *Commonwealth v. Ezell,* 431 Pa. 101, 104, 244 A. 2d 646, 647 (1968).

These decisions are founded on constitutional principles of unquestioned vitality. *Douglas* established a defendant's constitutional right of court-appointed counsel if defendant was indigent and his right of appeal. These constitutional rights were given full retroactive application in *Smith v. Crouse,* 378 U.S. 584, 84 S. Ct. 1929 (1964) (per curiam); *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 213 A. 2d 613 (1965). Once federal constitutional rights are involved, and once it is clear, as it is from this record, that a particular defendant did not exercise those rights, our inquiry must be whether there was a valid waiver of those constitutional rights.

In determining whether a defendant has waived a constitutional right it is well settled that the federal standards of waiver first enunciated in *Johnson v. Zerbst,* 304 U.S. 458, 58 S. Ct. 1019 (1938) apply. *Brookhart v. Janis,* 384 U.S. 1, 86 S. Ct. 1245 (1966). The waiver of a constitutional right must be "an intentional relinquishment or abandonment of a known right or privilege." 304 U.S. at 464, 58 S. Ct. at 1023. The presumption must always be against the waiver of a constitutional right. *Glasser v. United States,* 315 U.S.

60, 70-71, 62 S. Ct. 457, 463-465 (1942). Nor can waiver be presumed in a silent record case. The United States Supreme Court explicitly ruled in *Carnley v. Cochran,* 369 U.S. 506, 82 S. Ct. 884 (1962) : *"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."* (Emphasis added). Id. at 516, 82 S. Ct. at 890. Thus this Court is constitutionally bound to place the burden of proving waiver on the Commonwealth. Whether defendant was represented by private or court-appointed counsel, or whether his trial took place before or after the *Douglas* decision, are distinctions with no legal significance. *Commonwealth v. Ezell,* supra; *Commonwealth ex rel. Stevens v. Myers,* supra.

There is no indication on the record now before us that appellant was ever informed either by the court or counsel of his right of appeal. Normally, we would find the Commonwealth has failed to meet its burden of proof and remand for the filing of post-trial motions from the judgment of sentence as though timely filed, and if appellant lacked significant funds, he would be afforded free counsel to argue the motions and assist him in prosecuting an appeal, if necessary. See, e.g., *Commonwealth v. Herge,* 436 Pa. 542, 549-51, 260 A. 2d 787, 790-92 (1970).

However, in the instant case the hearing court did not permit any testimony on the merits of appellant's petition, erroneously ruling that the issue had been finally litigated. We accordingly must remand to the PCHA court to allow the Commonwealth an opportunity to introduce evidence that appellant knew both of his right of appeal and of his right to have counsel appointed to assist him on appeal. We emphasize that

the burden of proof on this issue rests on the Commonwealth. See *Commonwealth v. Wilson,* supra.

We conclude by noting that the Commonwealth's attorneys have been woefully dilatory in their duties in this case. Although the present appeal was submitted for our consideration on December 2, 1970, we have yet to receive a brief from the Berks County District Attorney's Office in this matter. While we sympathize with the workload of any public attorney's office, as we stated in *Commonwealth v. Cannon,* supra: " 'We take this occasion to point out, however, that we will not tolerate the practice by some public appellees, which we have found to be all too common, of postponing our consideration of appeals . . . by the expedient of neglecting to file timely briefs. The court cannot permit itself to be placed in the position where it must either perform the research which should be done by the public representative . . . or accept petitioner's contentions and release him on bail pending appeal. We have on other occasions directed prosecuting attorneys to show cause why they should not be suspended from practice in this court for such inexcusable neglect. We will do so in the future.' " Id. at 343 n.3, 275 A. 2d at 295 n.3 (quoting *United States ex rel. Boyd v. Rundle,* 437 F. 2d 405, 406 (3d Cir. 1970)). Accord, *Commonwealth v. Ditzler,* 443 Pa. 73, 277 A. 2d 336 (1971).

Record is remanded for proceedings consistent with this opinion.

Mr. Justice COHEN took no part in the decision of this case.

———

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE POMEROY:

I concur with the judgment of the Court that this case must be remanded for an evidentiary hearing to

determine whether or not appellant has waived his right to appeal from his 1962 conviction. *Commonwealth v. Cannon,* 442 Pa. 339, 275 A. 2d 293 (1971).

I cannot agree, however, that an appellant, represented at trial by privately retained counsel, should be afforded the protections of *Douglas v. California,* 372 U.S. 353, 9 L. Ed. 2d 811 (1963) on the mere allegation in his Post Conviction Hearing Act petition that he was indigent at the conclusion of his trial.[1] In the situation where appellant was represented at trial by court-appointed counsel, there has been a court determination that he was too impoverished to afford private counsel; however, when a defendant is represented at trial by private counsel, as was the appellant here, no such determination has been made, and I believe it is a mistake for this Court or any court to assume post-trial indigency as to such a defendant.

As I understand the decision in *Douglas v. California, supra,* it extends rights only to a defendant who is indigent at the conclusion of his trial; the rights so extended are that if a defendant is indigent and desires to take an appeal, he is entitled to the free assistance of counsel on appeal and, as an obvious corollary, is entitled to be so advised. This holding of *Douglas,* coupled with the standards concerning the waiver of federal constitutional rights, see *Carnley v.*

---

[1] Appellant's Post Conviction Hearing Act petition, filed November 1, 1968, alleges: "It was . . . shown that applicant himself was without funds, and that it was his family which retained counsel. Moreover, it is undisputed that neither court or counsel advised applicant that he had an absolute right to direct appeal regardless of whether he had sufficient funds." This recitation of the facts is somewhat inconsistent with that contained in appellant's brief in this Court. In his brief, appellant nowhere refers to any condition of indigency, but simply states that: "The appellant requested his attorney to file post trial motions and appeal, but no such action was ever taken."

*Cochran,* 369 U.S. 506, 8 L. Ed. 2d 70 (1962) ; *Johnson v. Zerbst,* 304 U.S. 458, 82 L. Ed. 1461 (1938), is the reason that, in cases where an indigent alleges a denial of his "appellate rights" and the record is "silent" on this point, the Commonwealth must prove that the petitioner knowingly waived his right to free counsel on appeal. While the record in the present case may be "silent", it does not indicate indigency.

There is nothing in the *Douglas* holding, as I read it, which places the burden of proof upon the prosecution to show that an appellant not shown to be indigent knowingly waived his right to counsel on appeal.[2] See *United States ex rel. O'Brien v. Maroney,* 423 F. 2d 865 (3d Cir. 1970) ; *Pate v. Holman,* 341 F. 2d 764 (5th Cir. 1965). Accordingly, under the circumstances of this case, before appellant is afforded the benefit of *Douglas* protection, I believe he should first be required to satisfy the post-conviction hearing court that his indigent status at the conclusion of his trial was the reason for his failure to file a timely appeal. When, but not until, the defendant has done that, the burden is on the Commonwealth to show a knowing waiver of defendant's "Douglas rights".

Moreover, assuming *arguendo* that appellant's indigent status was the reason he did not file a timely ap-

---

[2] Following the decision in *Douglas v. California, supra,* this Court adopted the prophylactic rule that *all* defendants should be informed of their appellate rights on the record. *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968). This is a very slight administrative burden for the Commonwealth and I agree that in post-*Douglas* trials, where the record does not show an explanation of appellate rights, the Commonwealth must bear the burden of showing a knowing waiver of these rights at a collateral proceeding. See *Commonwealth v. Ezell,* 431 Pa. 101, 244 A. 2d 646 (1968). I do not believe, however, that this prophylactic rule is constitutionally mandated and I would not apply it to those cases in which the trial was concluded prior to the decision of *Douglas v. California, supra.*

peal, the hearing on remand in the present case should consist of more than just the Commonwealth's evidence to rebut the allegation in appellant's PCHA petition of a denial of the right to appeal. Whether by means of his own testimony or that of another, a defendant who alleges that he has been denied his appellate rights should be obliged to present at least a *prima facie* case before the Commonwealth should be obliged to respond by producing countervailing evidence. I know of no situation in our practice where a mere averment in a petition or complaint is taken as the equivalent of evidence, so as to put the opposing party to his proof. There is no justification that I can see for doing so even in a situation involving an indigent defendant.

I would remand to the post-conviction hearing court for proceedings consistent with this dissenting opinion.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

The decision of the Majority in this 1962 murder case is so unrealistic as to be incomprehensible. In 1962, appellant was tried before a jury and convicted of second-degree murder. *He was represented throughout the trial and the sentencing proceeding by family-retained counsel.* No post-trial motions were filed and no appeal was taken from the judgment of sentence.

In 1965, appellant filed a petition for a writ of habeas corpus, *and in 1967 this Court unanimously affirmed the Order of the lower Court, which dismissed the writ.* See *Commonwealth ex rel. Norman v. Stitzel,* 425 Pa. 184, 228 A. 2d 373 (1967). That case is well summarized in the syllabus and in a relevant footnote* on pages 184 and 185, respectively: "1. In adjudicating the merits of a habeas corpus petition filed

---

* "It was also asserted below that Norman was denied the effective assistance of counsel in the filing and prosecuting of an appeal; however, this issue has not been pressed in this appeal."

by a relator who is in prison following a conviction of crime the trial court not only may, but should, consider the record in the criminal trial. [187]

"2. In this habeas corpus proceeding by a relator who was sentenced to prison in 1962 for second degree murder, it was Held that the court below had properly found that the relator's confession was given freely and voluntarily to the police after he had been warned that he did not have to say anything and whatever he did say would be used against him in court."

Appellant then filed a PCHA petition on June 5, 1967. A hearing thereon was fixed by the Court, but appellant asked for a continuance, and thereafter appellant continued the matter and the hearing petition *indefinitely.*

On November 1, 1968, appellant, *while represented by counsel,* filed another PCHA petition, claiming, inter alia, ineffective assistance of counsel in that he had never been informed of his right of appeal from the judgment of sentence. After a hearing, the lower Court dismissed his petition, ruling that appellant had finally litigated this issue before our Court at the time of appellant's habeas corpus appeal, because our Court had the trial record before us at the time of appellant's prior habeas corpus appeal. This is correct. However, appellant now takes this additional appeal, which the Majority now grant. What is the use of the Supreme Court ever rendering a decision against a criminal when the Court has briefs and a complete record before us and the criminal was represented by an attorney? Cf. *Commonwealth v. Jones,* 428 Pa. 208, 236 A. 2d 521; *Pate v. Holman,* 341 F. 2d 764, 775; *McGriff v. Wainwright,* 431 F. 2d 897; *United States ex rel. O'Brien v. Maroney,* 423 F. 2d 865; *United States ex rel. Beard v. Rundle,* 434 F. 2d 588.

Is there never to be an end to appeals by a person convicted of murder? Furthermore, it is outrageous to

let a convicted murderer, or indeed any criminal, play fast and loose—as this appellant has done—with the Supreme Court, or with any other Court.

In the light of the above-mentioned facts and circumstances, it is, I repeat, incomprehensible to me how this Court can remand for another hearing.

I very vigorously dissent.