Commonwealth *v.* Norman, Appellant.

Submitted April 25, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*A. Anthony Kilkuskie,* Assistant Public Defender, and *Fred I. Noch,* Public Defender, for appellant.

*Grant E. Wesner,* Deputy District Attorney, and *Robert L. VanHoove,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, April 23, 1974:

Appellant, Albert Norman, on June 15, 1962, was convicted in a jury trial of murder in the second degree and received a sentence of ten to twenty years imprisonment. Post-verdict motions were not filed and no appeal was taken from the judgment of sentence. In 1965, appellant filed a petition for a writ of habeas corpus which was dismissed after a hearing. This Court affirmed that order on April 18, 1967. *Commonwealth ex rel. Norman v. Stitzel,* 425 Pa. 184, 228 A. 2d 373 (1967). The case reached this Court a second time when an appeal was taken from an order entered on April 2, 1969, which dismissed a PCHA petition filed by the appellant. *Commonwealth v. Norman,* 447 Pa. 217, 285 A. 2d 523 (1971).

In our second opinion, we said: "Hence, the hearing court was in error in determining that appellant's prior habeas corpus appeal foreclosed any consideration of whether he had been denied his right of appeal from

the judgment of sentence. The decision of our Court in that habeas corpus appeal specifically noted that we were not then considering whether appellant had been denied the effective assistance of counsel in the filing and prosecuting of an appeal. *See* Commonwealth ex rel. Norman v. Stitzel, *supra* at 185 n. 1, 228 A. 2d at 375 n. 1. We therefore conclude the issue was not finally litigated, and no waiver occurred.

". . . .

"There is no indication on the record now before us that appellant was ever informed either by the court or counsel of his right of appeal. Normally, we would find the Commonwealth has failed to meet its burden of proof and remand for the filing of post-trial motions from the judgment of sentence as though timely filed, and if appellant lacked significant funds, he would be afforded free counsel to argue the motions and assist him in prosecuting an appeal, if necessary. . . .

"However, in the instant case the hearing court did not permit any testimony on the merits of appellant's petition, erroneously ruling that the issue had been finally litigated. We accordingly must remand to the PCHA court to allow the Commonwealth an opportunity to introduce evidence that appellant knew both of his right of appeal and of his right to have counsel appointed to assist him on appeal. We emphasize that the burden of proof on this issue rests on the Commonwealth. . . ."

". . . .

"Record is remanded for proceedings consistent with this opinion." *Id.* at 222-23, 285 A. 2d at 526-27.

After our remand, the trial court held a hearing and specifically found that the appellant had not waived his rights in 1962, following his trial. Two of the trial court's findings of fact were:

"1. As this court concluded on May 19, 1966, Albert Norman was indigent after he was sentenced on

July 5, 1962. The habeas corpus record plainly indicates that the family of defendant was satisfied with the verdict and apparently unwilling to spend additional money for private counsel. Defendant presently is indigent.

"2. Neither counsel nor the trial court fully explained to defendant his right to request a new trial and, if necessary, to appeal, in view of the fact that such procedure was not a real issue in 1962."

Having made the above findings, the trial court, pursuant to our remand, should have granted the appellant the right to file post-verdict motions. Instead, the trial court made the following conclusions of law:

"1. All issues raised in the post-conviction application, including any question of the right to request a new trial because of the failure to advise defendant of his constitutional rights, have been adjudicated at the trial court level.

"2. Defendant's reasons for new trial have no merit and did not have merit when the issue was decided on May 19, 1966.

"The petition for post-conviction relief is dismissed, supplementing the order filed April 2, 1969."

In this appeal, the appellant argues that since the trial court specifically found that he had been denied his constitutional rights following his trial in 1962, the trial court should have entered an order granting to the appellant the right to file post-verdict motions. We agree.

In its latest order the trial court dismissed the appellant's PCHA petition which was exactly what the trial court did on April 2, 1969, prior to the appellant's last appeal to this Court. We specifically said that that petition should not have been dismissed and ordered that the appellant, if on remand it was determined that he was deprived of his constitutional rights in 1962, be granted the right to file post-verdict motions. That de-

termination was made by the trial court favorable to the appellant and the trial court should have granted the appellant the right to file post-verdict motions.

Apparently, the trial court did not grant the appellant the right to file post-verdict motions because during the hearing, following our remand, defense counsel agreed with the trial court that all issues had been decided in the 1966 habeas corpus proceeding. Defense counsel also told the trial court that he was not asking the trial court for a new trial. On this appeal, the same defense counsel is arguing that the trial court erred in not granting appellant the right to file post-verdict motions. Defense counsel's brief on this appeal does not give any explanations for the apparent inconsistency of defense counsel's position before the trial court and his position now before this Court. Whatever the reason, it is clear that since 1965, when the appellant first raised, pro se, in his petition for a writ of habeas corpus that he was denied his appeal rights, no one has ever filed post-verdict motions for the appellant. This Court ordered that such motions be filed if appellant was denied his constitutional rights in 1962. Since it has been determined that he was denied those rights, post-verdict motions should now be filed.

The matter is remanded to the trial court with specific instructions that defense counsel file post-verdict motions on behalf of the appellant.