396 A.2d 647

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Joseph William WENTZ, Appellant.**

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Decided Dec. 28, 1978.

Marilyn C. Zilli, Assistant Public Defender, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, Judge:

Appellant was convicted of the offense of the sale of phenobarbital tablets by a jury in Dauphin County. The day after the jury returned its verdict, appellant entered a plea of guilty on four other charges. The plea was accepted and appellant was sentenced. Two years later, appellant filed a petition pro se under the Post Conviction Hearing Act.[1] The petition alleged that his guilty plea was involuntarily induced and requested a new trial and the appointment of counsel. The lower court appointed counsel but dismissed appellant's petition solely on the basis of the Commonwealth's answer to it. From this dismissal appellant appeals.

The substantive argument in the briefs before us deals with the guilty plea colloquy and the court's acceptance of the plea. However, we feel both briefs omitted discussion of the important issue of waiver. Appellant's PCHA petition merely states that "no direct appeal was

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq.; 19 P.S. § 1180–1 et seq. (Supp.1978–79).

taken." It does not allege that the right to a direct appeal was ever denied or obstructed in any manner. See *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Commonwealth v. Norman,* 447 Pa. 217, 285 A.2d 523 (1971). This omission precludes our review of any issue that could have been dealt with on direct appeal since the language of the PCHA reads:

"(b) For the purposes of this Act, an issue is waived if:
(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised . . on appeal . . ." 19 P.S. § 1180–4.

*Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1974).

▮ The colloquy prior to acceptance of the guilty plea and sentencing on the record before us clearly informs the appellant of his right to take an appeal from the acceptance of the guilty plea and the limited grounds on which he could base such an appeal. Appellant was represented by counsel at the colloquy and there is no indication on the record that he was displeased with his trial counsel nor is there any allegation of ineffectiveness raised on this appeal which might have discouraged him from taking a direct appeal. Nor is there any allegation that the PCHA petition was in effect "uncounselled" despite the appointment of counsel. See *Commonwealth v. Fiero,* 462 Pa. 409, 341 A.2d 448 (1975); *Commonwealth v. Scott,* 469 Pa. 381, 366 A.2d 225 (1976). From the language of the PCHA and the cases on waiver we find the issue of the voluntariness of the guilty plea was waived by appellant's failure to raise the issue on direct appeal which precludes us from addressing it now.

Order of the lower court affirmed.

HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

After appellant filed a *pro se* PCHA petition, the lower court appointed counsel, and then, without a hearing, denied appellant any relief, solely on the basis of the *pro se* petition

and the Commonwealth's answer to it. Appellant's appointed PCHA counsel did not file an amended petition, nor did she certify to the court that she was willing to proceed on the *pro se* petition alone. In circumstances such as these we have held the petition to be in fact uncounselled, and have remanded for new counselled proceedings. *Commonwealth v. Prowell,* 249 Pa.Super. 435, 378 A.2d 374 (1978); *and see Commonwealth v. Scott,* 469 Pa. 381, 366 A.2d 225 (1976); *Commonwealth v. Fiero,* 462 Pa. 409, 341 A.2d 448 (1975); *Commonwealth v. Mitchell,* 427 Pa. 395, 235 A.2d 148 (1967). This is what we should do here.

The majority says that this issue was not raised on appeal. That should not deter us. The record discloses on its face that the lower court has not conformed to procedures insisted upon by the Supreme Court as "salutary . . . and best comport[ing] with efficient judicial administration and serious consideration of a prisoner's claims." *Commonwealth v. Mitchell, supra,* 427 Pa. at 397, 235 A.2d at 149.

The order of the lower court should be reversed and the case remanded for the appointment of new PCHA counsel, who should take whatever action is required to represent appellant effectively.