419 A.2d 1244

**In the Interest of Edward STEPHENS, a Minor.**

**Appeal of Edward STEPHENS.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed April 25, 1980.

Reargument Denied July 7, 1980.

Petition for Allowance of Appeal Granted Dec. 2, 1980.

---

Raymond R. Williams, Assistant Public Defender, Media, for appellant.

Sandra L. Gross, Assistant District Attorney, Media, for appellee.

Before PRICE, WIEAND and VAN der VOORT, JJ.*

VAN der VOORT, Judge:

This case involves an appeal from an adjudication of delinquency.

On February 10, 1978, a petition alleging delinquency was filed against appellant, then 15 years old, stemming from an incident in which a 12 year old boy was severely beaten.

A hearing was conducted on June 21, 1978 before Howard Farber, Esquire, Master in Juvenile Court, and resulted in the Master issuing a recommendation that the petition be dismissed for insufficient evidence.

The Commonwealth then filed an Exception to Master's Recommendations and Petition for a Rehearing, to which appellant filed an Answer.

On July 3, 1978, the Honorable Howard F. Reed, Jr. granted the Commonwealth a rehearing before the Juvenile

* Judge DONALD E. WIEAND is sitting by special designation.

Hearing Judge. Prior to the July 25, 1978 date set for this rehearing appellant filed a motion to dismiss the Commonwealth's petition for a rehearing, raising the issue of double jeopardy. The Honorable Robert A. Wright agreed to hear the merits of the double jeopardy issue, and after oral arguments and submission of briefs entered an Order dated November 9, 1978, refusing appellant's motion.

A full rehearing was held before the Honorable John V. Diggins on January 23, 1979, at which time appellant again raised the issue of double jeopardy. After hearing testimony from the same three witnesses who testified before the Master, the court below entered an Adjudication and Order for Further Study in which appellant was found delinquent.

Appellant now appeals from this Order.

The sole issue presented on appeal is that of double jeopardy. Appellant argues that the procedure followed in Pennsylvania in juvenile delinquency proceedings of allowing the Commonwealth to have a de novo hearing before a judge following a recommendation of dismissal of the petition by a Master, (Juvenile Act, Act of December 6, 1972, P.L. 1464, No. 333 § 5, 11 P.S. § 50–301) violates the ban against double jeopardy of the Pennsylvania and United States Constitutions.

Appellant cites the case of *Swisher v. Brady*, 438 U.S. 204, 98 S.Ct. 2699, 57 L.Ed.2d 705 (1978) for support. In *Swisher*, the Supreme Court upheld a recently enacted Maryland procedure for juvenile delinquency hearings against a double jeopardy attack. A single–judge federal district court had held that the prior Maryland procedure of allowing the state to re–try its case de novo in front of a judge was in violation of the ban against double jeopardy, *Aldridge v. Dean*, 395 F.Supp. 1161 (Md.1975). In response to this the Maryland Court of Appeals, pursuant to its rulemaking powers, promulgated a new rule, providing in pertinent part that the record is closed after the Master's findings except where both parties consent to have it opened.

The Court found that under the new Maryland procedure the prosecution is prevented from getting the forbidden

"second crack" at the defendant (438 U.S. at 216, 98 S.Ct. at 2707).

Appellant argues that the Pennsylvania procedure does not fall under this exception as it permits the Commonwealth to present evidence for its case twice before the trier of fact.

We find, however, that appellant waived his constitutional right not to be placed in double jeopardy at the time of the master's hearing. The Pennsylvania law provides that:

> "Before commencing the hearing the master shall inform the parties who have appeared that they are entitled to have the matter heard by the judge. If a party objects, the hearing shall be conducted by the judge." [11 Pa.C.S. § 50–301(b)]

In the notes of testimony for June 21, 1978 on page two Master Farber gave the required instruction and as no objection was made the hearing was the begun. This Pennsylvania procedure is entirely different from the Maryland rule, disapproved of in *Aldridge* (supra), where the juvenile had no choice as to whether to be heard by a magistrate or a judge. Instantly the juvenile had a choice whether he should be heard by a master, after which hearing he might have to be heard again by a judge, or be heard by a judge initially.

The Supreme Court defined "waiver" as the knowing and voluntary relinquishment of a right in *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Thus when the juvenile, with his attorney, chooses voluntarily to be heard by a master, he waives his right to complain of double jeopardy should the Commonwealth request rehearing before a judge.

Order affirmed.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

A petition alleging that Edward Stephens, a juvenile, had committed an act of delinquency, i. e., an aggravated as-

sault, was heard by a master pursuant to authority contained in the Juvenile Act, Act of December 6, 1972, P.L. 1464, No. 333, § 5, 11 P.S. § 50–301.[1] At the conclusion of the hearing, the master found that the Commonwealth had failed to sustain the averments of the petition and recommended that the petition be dismissed. The Commonwealth thereafter requested and obtained a rehearing before a juvenile court judge. After the request for a rehearing had been granted, the juvenile demurred on grounds that a second hearing would violate concepts of double jeopardy. His application to dismiss was denied, and a hearing de novo was held. After this hearing, appellant was adjudicated a delinquent.

On appeal, appellant concedes that there is statutory authority for the procedure followed but argues that such procedure is violative of the double jeopardy clause contained in the Fifth Amendment of the Constitution, as made applicable to the states by the Fourteenth Amendment.[2] See: *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The majority concludes that appellant waived the benefits of the constitutional prohibition against double jeopardy by agreeing to have a master hear the petition. This agreement followed instructions by the master that appellant could elect to have a hearing before a judge.

A waiver of a constitutional right must be an intentional relinquishment or abandonment of a known right or privilege. *Commonwealth v. Norman*, 447 Pa. 217, 221, 285 A.2d 523, 526 (1971). It must be made knowingly and intelligently; one must be aware of both the right and the risks of forfeiting the same. *Commonwealth v. Barnette*, 445 Pa. 288, 290–91, 285 A.2d 141, 142 (1971). Waiver of constitutional rights by a juvenile, moreover, can be effected only when it is shown that the juvenile comprehended the full

1. This section was repealed by the Act of April 28, 1978, P.L. 202, No. 53, § 2(a)[1460], effective June 27, 1978. It was re–enacted in substantially the same form in 42 Pa.C.S. § 6305.

2. A double jeopardy clause is also contained in Article 1, § 10 of the Pennsylvania Constitution.

significance of the rights intended to protect him or her. *Commonwealth v. Smith*, 472 Pa. 492, 496, 372 A.2d 797, 799 (1977). The presumption must always be against the waiver of a constitutional right. *Commonwealth v. Norman*, supra. Therefore, the burden of proving a knowing and intelligent waiver is on the Commonwealth. *Commonwealth v. Smith*, supra; *Commonwealth v. Flowers*, 245 Pa.Super. 198, 212, 369 A.2d 362, 369 (1976). High standards of proof are always required where a waiver of constitutional rights is involved. *Commonwealth v. Collins*, 436 Pa. 114, 121, 259 A.2d 160, 163 (1969).

Instantly, appellant was told, as the statute required, that he had a right to have the petition heard by a judge rather than by a master. He was not told, however, that if he proceeded to have the matter heard by a master and the master recommended dismissal, the Commonwealth could nevertheless require him to go through a second full hearing before a juvenile judge. Moreover, he was not told of his right not to be put twice in jeopardy for the same offense. Therefore, I find no support in this record for the majority's conclusion that appellant knowingly and intelligently waived his constitutional right not to be placed twice in jeopardy for the same offense.

The substantive issue, involving as it does the validity of statutorily prescribed proceedings involving juveniles, is not only significant but also difficult. It is certainly worthy of consideration by the entire Superior Court sitting en banc. Because the substantive issue is before this panel and, in my judgment, must be decided, I venture the following thoughts.

The merits of appellant's double jeopardy argument must depend in large measure upon principles enunciated by the Supreme Court in the leading case of *Swisher v. Brady*, 438 U.S. 204, 98 S.Ct. 2699, 57 L.Ed.2d 705 (1978). In that case, the Court considered whether a Maryland procedure, similar to but not precisely the same as that adopted by the Pennsylvania statute, was violative of the double jeopardy clause of the Fifth Amendment. Specifically, the Maryland procedure provided in pertinent part:

"Upon the filing of exceptions [to the master's report], a prompt hearing shall be scheduled on the exceptions. *An excepting party other than the State may elect a hearing de novo or a hearing on the record. If the State is the excepting party, the hearing shall be on the record, supplemented by such additional evidence as the judge considers relevant and to which the parties raise no objection.* In either case the hearing shall be limited to those matters to which exceptions have been taken." (Emphasis added.) Maryland Rules of Procedure, 911(c); *Swisher v. Brady*, supra at 211, n.9, 98 S.Ct. at 2704, n.9, 57 L.Ed.2d at 712, n.9.

A majority of the Supreme Court concluded: "To the extent the Juvenile Court judge makes supplemental findings in a matter permitted by Rule 911—either sua sponte, in response to the State's exceptions, or in response to the juvenile's exceptions, and either on the record *or on a record supplemented by evidence to which the parties raise no objection*—he does so without violating the constraints of the Double Jeopardy Clause." (Emphasis added.) Id. at 219, 98 S.Ct. at 2708, 57 L.Ed.2d at 717.

By way of comparison, the Pennsylvania Statute provides: "Section 5. Masters.—(a) The Supreme Court may promulgate rules for the selection and appointment of masters on a full-time or part-time basis. A master shall be a member of the bar of the Supreme Court. The number and compensation of masters shall be fixed by the Supreme Court, and their compensation shall be paid by the county.

(b) The court of common pleas may direct that hearings in any case or class of cases be conducted in the first instance by the master in the manner provided by this act. Before commencing the hearing the master shall inform the parties who have appeared that they are entitled to have the matter heard by the judge. If a party objects, the hearing shall be conducted by the judge.

(c) *Upon the conclusion of a hearing before a master, he shall transmit written findings and recommendations for disposition to the judge.* Prompt written notice and cop-

ies of the findings and recommendations shall be given to the parties to the proceeding.

(d) *A rehearing before the judge may be ordered by the judge at any time upon cause shown.* Unless a rehearing is ordered, the findings and recommendations become the findings and order of the court when confirmed in writing by the judge." (Emphasis added.)

The procedure adopted by the Pennsylvania statute varies significantly from the Maryland procedure. It permits a "rehearing" before the judge in his discretion "at any time upon cause shown." This "rehearing" clearly is intended to be a hearing de novo. It may be held with or without the consent of the juvenile.

The Supreme Court of Pennsylvania has emphasized that the purpose of the double jeopardy clause is to prevent successive trials, not merely multiple convictions and punishments. In *Commonwealth v. Bolden*, 472 Pa. 602, 619, 373 A.2d 90, 98 (1977), *quoting from Green v. United States*, 355 U.S. 184, 187–88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199, 204 (1957), the Court said: "The underlying idea, one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."

The Pennsylvania statute provides for successive trials. It allows the Commonwealth to have the forbidden "second crack," that is, the opportunity to "supply evidence which it failed to muster in the first proceeding." See: *Swisher v. Brady*, supra at 215–16, 98 S.Ct. at 2707, 57 L.Ed.2d at 715; *Burks v. United States*, 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1, 9 (1978). It may pursue this "second crack" whenever it believes its evidence has failed to persuade the master. The rehearing is discretionary with the court. Meanwhile, the proceedings are kept alive. If a rehearing is granted, the juvenile is subjected to the embarrassment,

expense and ordeal of a second trial. He is tried a second time despite the fact that he has once been found innocent. Such a procedure impinges on the purposes of the double jeopardy clause and is violative thereof. Compare: *Aldridge v. Dean*, 395 F.Supp. 1161 (D.Md.1975); *In the Matter of Raymond P.*, 86 Cal.App.3d 797, 150 Cal.Rptr. 537 (1978).

The court below concluded that there was no violation of double jeopardy because the master could only recommend findings to the court and could not render a final decision. The proceedings before the court, it reasoned further, were merely a continuation of the proceedings before the master, so that jeopardy had attached only once and then was continuing. This will not satisfy double jeopardy concepts.

The statute contemplates a factfinding function for the master, for it directs, "he shall transmit written findings and recommendations for disposition to the judge." If this procedure were to be adopted for use in adult criminal proceedings, it would mean that a finding of guilt or innocence was for the master, who would submit the same to the court, together with a recommended sentence. The juvenile judge, under the statute, is not required to accept the master's recommended disposition of a juvenile offender. He cannot alter the master's findings, however, without granting a rehearing. This procedure has established at least two layers of adjudication. If the first layer results in an acquittal, the Commonwealth has a right to seek another hearing on the next level. The proliferation of levels at which the juvenile must defend himself is the very type of practice which the double jeopardy clause was intended to prevent. See: *Swisher v. Brady*, supra at 227, 98 S.Ct. at 2713, 57 L.Ed.2d at 722 (Justice Marshall, dissenting). See also: *United States v. Martin*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977); *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975).

Double jeopardy protects an individual's right to proceed to final decision before a particular tribunal once jeopardy has attached, unless manifest necessity requires termination of the first proceeding. *Wade v. Hunter*, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949). See also: *Commonwealth v.*

*Hogan,* 482 Pa. 333, 393 A.2d 1133 (1978); *Commonwealth v. Bolden,* supra; *Commonwealth v. Meekins,* 266 Pa.Super. 157, 403 A.2d 591 (1979). This rule prevents the prosecution from obtaining a "second crack" after it believes that its first effort has failed to persuade the trier of the facts. *Burks v. United States,* supra at 11, 98 S.Ct. at 2147, 57 L.Ed.2d at 9–10; *Downum v. United States,* 372 U.S. 734, 736, 83 S.Ct. 1033, 1034, 10 L.Ed.2d 100, 102 (1963); *Commonwealth v. Hogan,* supra 482 Pa. at 337, 393 A.2d at 1135.

I must conclude, therefore, that a statutory procedure which permits the Commonwealth to obtain a second hearing after a juvenile has once been found not delinquent permits the juvenile to be placed in jeopardy twice for the same offense.

In the instant case, jeopardy attached at the master's hearing. *Swisher v. Brady, supra.* See also: *Breed v. Jones,* supra. The master's hearing resulted in a finding that the Commonwealth had failed to prove its case and a recommendation that the delinquency petition be dismissed. To require appellant at the request of the Commonwealth to submit to a hearing de novo before a juvenile judge was a violation of double jeopardy. Therefore, I would reverse the adjudication of delinquency and discharge the appellant. Because the majority reaches a contrary result, I must respectfully dissent.