J-S46040-18

2019 PA Super 209

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHANE EDWARD MURPHY, JR., | : | |
| | : | |
| Appellant. | : | No. 302 EDA 2018 |

Appeal from the Judgment of Sentence, December 18, 2017,
in the Court of Common Pleas of Bucks County,
Criminal Division at No(s):  CP-09-CR-0002333-2017.

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

OPINION BY KUNSELMAN, J.:                    **FILED JULY 08, 2019**

Shane Edward Murphy appeals from his judgment of sentence entered after a judge determined he violated the terms of his probation.  After review, we vacate his judgment of sentence and the finding of a violation and remand for a new probation violation hearing.

In July 2017, Murphy pleaded guilty to pulling a false fire alarm in an apartment building.[1]  After accepting a plea deal between the Commonwealth and Murphy, the trial judge, using a form order, imposed a sentence of 18 months of county probation.  **See** Trial Court Order, 7/12/17.  The judge completed the rest of the relevant portions of the form order as follows:

> ☒ **Other:** *Probation may term[inate] after completion of 12 months with no violations if approved by adult probation – this case to stay with Judge Gibbons only.*

---

[1] 18 Pa.C.S.A. § 4905(a).

**SPECIAL CONDITIONS:**

ⓧ Costs within _____  . . .

ⓧ Anger Management Program: Screen for / *Ordered*  . . .

ⓧ No Contact with Victim: *Colonial Point Apts. Complex*  . . .

ⓧ Drug & Alcohol/Mental Health Evaluation within _____ days
and abide by recommendations . . . .

*Id.* (italics indicates handwritten portion of order).  Notably, the order failed to specify *when* Murphy had to commence or complete the special conditions of the anger management classes or the drug and alcohol/mental health evaluations.

Five months later, the Commonwealth summoned Murphy before the trial judge for failing to comply with those special conditions.

Probation Officer Natalia Mozyrsky, addressed the trial judge on behalf of the Commonwealth.  **See** N.T., 12/18/17, at 2-3.  According to Officer Mozyrsky, Murphy "stated unequivocally that he will not put out a dime of his own money to pay for any condition that the court had ordered and will not complete a drug and alcohol or mental health assessment, nor pay for anger management classes other than the class he found on the Internet."  **Id.** at 3-4.

The trial judge was familiar with Murphy, because she had sentenced him following his negotiated guilty plea to the false-alarm charge in July 2017. In fact, when she originally sentenced him on that charge, she included a condition at his guilty plea hearing that, "If [Murphy] violates this probation, he be brought back in front of me and that I will determine what the

- 2 -

appropriate sanction will be." N.T., 7/12/17, at 19-20. At the revocation hearing, the trial judge allowed Murphy to testify about his inability to pay. N.T., 12.18/17, at 6-10. Essentially, Murphy asserted that he did not refuse to pay for any treatment, but rather, simply did not have the present financial ability to do so.

After hearing the conflicting testimony, the trial judge accepted the probation officer's recommendation and sentenced Murphy to imprisonment of 1 to 365 days in the county jail, "with presumptive parole after completion of drug and alcohol and mental health assessments while at the Bucks County Correctional Facility." Trial Court Opinion at 2.

This timely appeal followed. Both Murphy and the trial judge complied with Pennsylvania Rule of Appellate Procedure 1925.

Murphy raises two issues on appeal:

A.    Did the Commonwealth fail to prove a violation by a preponderance of the evidence, where [Murphy] contested the alleged violation, the terms of his initial sentence, and he lacked the ability to financially?

B.    Was [Murphy] denied his enhanced state and federal due process rights when an uncounseled, probation violation hearing was allowed to proceed without advanced notice of the allegations, the opportunity to obtain counsel, the ability to prepare a defense, and the ability to ensure that evidentiary and probationary rules of procedure were followed?

Murphy's Brief at 4.

Before addressing the merit of the above claims, we must first determine whether Murphy waived his right to counsel. We reject the trial

judge's conclusion that Murphy waived this issue. **See** Trial Court Opinion, 4/11/18, at 4. As this Court has recently reiterated:

> "Where the parties fail to preserve an issue for appeal, the Superior Court may not address that issue *sua sponte*." **Commonwealth v. Colavita**, 606 Pa. 1, 993 A.2d 874, 891 (2010) (quoting **Steiner v. Markel**, 600 Pa. 515, 968 A.2d 1253, 1257 (2009)). However, this Court has subsequently held that "where an indigent, first-time PCRA petitioner was denied his right to counsel-or failed to properly waive that right-this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011) (emphasis added). Further, "as a general rule, failure to raise an issue in a criminal proceeding does not constitute a waiver where the defendant is not represented by counsel in the proceeding. This rule does not apply where the defendant knowingly and intelligently waived representation by counsel." **Commonwealth v. Monica**, 528 Pa. 266, 597 A.2d 600, 603 (1991) (citation omitted).
>
> It is the responsibility of the trial court to ensure that a colloquy is performed if the defendant has invoked his right to self-representation. **See Commonwealth v. Davido**, 582 Pa. 52, 868 A.2d 431, 437-38 (2005). "Both the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section Nine of the Pennsylvania Constitution. Deprivation of these rights can never be harmless." **Commonwealth v. Payson**, 723 A.2d 695, 700 (Pa. Super. 1999) (citations omitted). "Courts indulge every reasonable presumption against waiver of fundamental constitutional rights and that we do not presume acquiescence in the loss of fundamental rights. A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." **Johnson v. Zerbst**, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (footnotes and citations omitted).

***Commonwealth v. Johnson***, 158 A.3d 117, 121 (Pa. Super. 2017) (emphasis added).[2]

The determination of whether a valid waiver of counsel occurred in any particular case implicates the requirements of Pennsylvania Rule of Criminal Procedure 121:

> "In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it." ***Commonwealth v. Houtz***, 856 A.2d 119, 123 (Pa. Super. 2004) (citation omitted). Failing to conduct an on the record colloquy pursuant to Rule 121(c) before allowing a defendant to proceed pro se constitutes reversible error. ***Id.*** at 124 (citing ***Payson***, 723 A.2d at 701). "Once federal constitutional rights are involved, and once it is clear . . . a particular defendant did not exercise those rights, our inquiry must be whether there was a valid waiver of those constitutional rights." ***Commonwealth v. Norman***, 447 Pa. 217, 285 A.2d 523, 525-26 (1971). Furthermore, waiver cannot be presumed in a silent record. ***Id.*** at 526.
>
> The inherent importance of the right to counsel justifies its overwhelming protection and the rigorous requirements necessary to find waiver.

***Johnson***, 158 A.3d at 121-122 (emphasis added).[3] Given the above precedent, "it is apparent that this Court has a duty to review" whether

---

[2] For these same reasons, we also reject the trial judge's waiver finding based upon the lack of specificity in his Rule 1925(b) statement. ***See*** Trial Court Opinion, 4/11/18, at 4.

[3] We acknowledge that the Commonwealth Court has held "there is no absolute right under either the Sixth Amendment or the Fourteenth Amendment to be afforded counsel at a parole or probation revocation hearing," and that the court is not required to conduct an extensive on-the-

Murphy "properly waived his right to counsel" prior to the presentation of evidence against him at the violation of probation hearing. ***Johnson***, 158 A.3d at 122.

Here, at the beginning of the violation of probation hearing, the following exchange occurred regarding Murphy's appearance without counsel:

> **ASSISTANT DISTRICT ATTORNEY:** Commonwealth versus Shane Murphy[, who] is present without counsel today. He is not in agreement with the recommendation from Adult Probation and Parole.
>
> **THE COURT:** Mr. Murphy, you understand you have a right to have an attorney with you at these proceedings?
>
> **MURPHY:** Yes, Your Honor.
>
> **THE COURT:** And you did not retain counsel or apply for the Public Defender's Office?
>
> **MURPHY:** Yes.
>
> **THE COURT:** Were you present when everyone else was sworn?
>
> **MURPHY:** No, Your Honor.
>
> **THE COURT:** All right. Can we have him sworn, please?

---

record colloquy under Rule 121 to ensure that a defendant made a valid waiver of counsel. ***See Jester v. Pennsylvania Bd. of Probation and Parole***, 595 A.2d 748, 751 (Pa. Cmwlth. 1991) (citing ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973)). Commonwealth Court decisions are not binding on this Court but may be considered as persuasive authority. ***Commonwealth v. Heredia***, 97 A.3d 392, 395 n.4 (Pa. Super. 2014). We do not adopt this statement of the law in this instance. ***See*** Pa.R.Crim.P. 708(B)(1) (providing the trial court will not revoke a probationary sentence unless a violation is found following a hearing "at which the defendant is present and represented by counsel").

N.T., 12/18/17, at 2. The court staff then swore in Murphy, and the violation hearing proceeded, resulting in the finding of a probation violation and the imposition of the aforementioned sentence.

The above exchange between the trial court and Murphy was insufficient to constitute an adequate waiver of counsel. Stated differently, the on-the-record discussion on Murphy's right to counsel was truncated and fell well short of a colloquy memorializing a knowing and voluntarily waiver of counsel pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) and Pa.R.Crim.P. 121. **See, e.g., Commonwealth v. Robinson**, 970 A.2d 455, 460 (Pa. Super. 2009) (*en banc*) (explaining, "[r]egardless of how ambiguous a defendant's expression may be, without [Pa.R.Crim.P 121] colloquy the court cannot ascertain that the defendant fully understands the ramifications of a decision to proceed *pro se* and the pitfalls associated with the lack of legal training").[4]

Accordingly, we vacate both the order revoking Murphy's probation and the resulting judgment of sentence, and remand for additional proceedings. As an initial matter, the court shall appoint counsel for Murphy, if he is indigent, or conduct a **Grazier** hearing to ensure a valid waiver of the right to

---

[4] Murphy's violation of probation hearing was one of several heard during the same proceeding. We again caution trial judges that "*en masse*" dispositions still require the protections of defendants' due process rights, including the right to counsel. **See generally, Commonwealth v. Mauk**, 185 A.3d 406 (Pa. Super. 2018).

counsel. The court may then proceed with a new ***Gagnon***-I or ***Gagnon***-II, probation-revocation hearing.

Judgment of sentence vacated. Case remanded with instructions.

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/8/19