J-S49026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VIRGIL RIVERA, | |
| Appellant | No. 2307 EDA 2015 |

Appeal from the PCRA Order of June 30, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0002459-2011

BEFORE:  PANELLA and OLSON, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                              **FILED JULY 14, 2016**

Appellant, Virgil Rivera, appeals from the order entered on June 30, 2015 denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The factual and procedural history of this case is as follows.  In the summer of 2008, S.F., the 12-year-old daughter of Appellant's paramour, visited Appellant's apartment.  While S.F. was watching television, Appellant reached under her shirt and touched her breasts.  He proceeded to digitally penetrate her vagina, perform cunnilingus on her, and engage in vaginal intercourse with her.

*Former Justice specially assigned to the Superior Court.

On August 15, 2011, Appellant pled guilty to rape of a minor,[1] statutory sexual assault,[2] indecent assault of a person less than 13 years of age,[3] indecent assault of a person less than 16 years of age,[4] aggravated indecent assault of a minor,[5] and involuntary deviate sexual intercourse with a minor.[6] The trial court sentenced Appellant to 6 to 20 years' incarceration. Appellant did not file a direct appeal.

On March 4, 2013, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel. On June 18, 2014, counsel filed an amended petition. On June 18, 2015, the PCRA court held an evidentiary hearing. On June 30, 2015, the PCRA court denied Appellant's petition. This timely appeal followed.[7]

---

[1] 18 Pa.C.S.A. § 3121(c).

[2] 18 Pa.C.S.A. § 3122.1.

[3] 18 Pa.C.S.A. § 3126(a)(7).

[4] 18 Pa.C.S.A. § 3126(a)(8).

[5] 18 Pa.C.S.A. § 3125(b).

[6] 18 Pa.C.S.A. § 3123(b).

[7] On July 30, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). Appellant filed his concise statement on August 19, 2015. The PCRA court issued its Rule 1925(a) opinion on February 10, 2016. The lone issue raised by Appellant on appeal was included in his concise statement.

Appellant presents one issue for review:

Did the [PCRA court] err in denying Appellant's request for PCRA relief where Appellant's counsel failed to present mitigating character witnesses at Appellant's sentencing?

Appellant's Brief at 4.

As most PCRA appeals involve mixed questions of fact and law, "[o]ur standard of review of an order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free from legal error." *Commonwealth v. Melendez-Negron*, 123 A.3d 1087, 1090 (Pa. Super. 2015) (internal alteration, quotation marks, and citation omitted). We give great deference to the findings of the PCRA court and will not disturb those findings unless there is no support in the record. *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002).

In his sole claim for relief,[8] Appellant contends that he would have received a lesser sentence but for trial counsel's ineffectiveness in failing to present additional, mitigating character evidence. Although claims related to the discretionary aspects of sentencing are not cognizable under the PCRA, the gravamen of Appellant's claim rests upon his Sixth Amendment right to counsel and not the sentence itself. Therefore, Appellant's claim is

_____

[8] To the extent that Appellant argues that trial counsel was ineffective for failing to elicit testimony about Appellant's upbringing, that argument is waived. *See* Pa.R.A.P. 2116(a).

cognizable under the PCRA. ***See Commonwealth v. Bronaugh***, 670 A.2d 147, 150 (Pa. Super. 1995).

A "defendant's right to counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013) (internal quotation marks and citation omitted). "Trial counsel is presumed to be effective[.]" ***Commonwealth v. Perry***, 128 A.3d 1285, 1289 (Pa. Super. 2015) (citation omitted). To prevail on an ineffective assistance of counsel claim, a petitioner must plead and prove "that: 1) the claim underlying the ineffectiveness claim has arguable merit; 2) counsel's actions lacked any reasonable basis; and 3) counsel's actions resulted in prejudice to petitioner." ***Commonwealth v. Cox***, 983 A.2d 666, 678 (Pa. 2009). Where it is clear that a petitioner has failed to satisfy any one prong of the test, this Court may dispose of the claim on that basis alone. ***Commonwealth v. Steele***, 961 A.2d 786, 795 (Pa. 2008).

We focus our attention on the arguable merit prong of Appellant's ineffectiveness claim. Sentencing counsel's failure to call a particular witness or witnesses does not constitute *per se* ineffectiveness. ***Commonwealth v. Lauro***, 819 A.2d 100, 105 (Pa. Super. 2003) (citation omitted). To succeed on a claim for ineffective assistance because of a

failure to introduce testimony at sentencing, Appellant must establish: 1) that the witnesses existed; 2) that the witnesses were ready and willing to testify; and 3) that the absence of the witnesses' testimony prejudiced petitioner. *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007).

Appellant failed to prove that the alleged witnesses were ready and willing to testify at the sentencing hearing. Appellant did not produce any affidavits or testimony at the PCRA hearing stating that his now-identified character witnesses were ready and willing to testify at the sentencing hearing. Trial counsel testified that he was unaware of any such witnesses and that, if he had been made aware of any witnesses ready and willing to offer character evidence on Appellant's behalf, he would have presented such evidence at sentencing. N.T., 6/18/15, at 45, 49. At the PCRA hearing, counsel testified that several of Appellant's family members and friends attended the preliminary hearing in this matter and became noticeably upset and angry at Appellant because of the nature of his offenses. *Id.* at 48. This testimony supports the PCRA court's determination that counsel was never made aware of individuals who were ready and willing to appear as character witnesses on Appellant's behalf or to submit letter of reference in his favor.

As to the character letters referenced by Appellant, all of the letters were written after Appellant's judgment of sentence became final. Thus, the

letters clearly were unavailable for counsel's use at sentencing. In addition, the sentencing letters do not state that the respective authors were ready, willing, and available to testify at the sentencing hearing. For these reasons, the PCRA court found that Appellant failed to prove that "those character witnesses would have readily and willingly provided character references for [Appellant], prior to his sentencing." PCRA Court Opinion, 2/10/16, at 9. As nothing in the record contradicts the PCRA court's finding, we will leave it undisturbed. **See Cox**, 983 A.2d at 679. As Appellant failed to prove that any witness was ready, willing, and able to either testify at the sentencing hearing or write a letter on Appellant's behalf at the time of sentencing, he failed to plead and prove that his underlying claim has arguable merit. Accordingly, we affirm the denial of PCRA relief on this basis. **See Commonwealth v. Spenny**, 128 A.3d 234, 251 (Pa. Super. 2015) ("[T]he law is clear that we may affirm the trial court's decision on any proper basis.").

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/14/2016