530 A.2d 933

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**George WARING, Appellant.**

Superior Court of Pennsylvania.

Submitted April 27, 1987.

Filed Sept. 10, 1987.

Abraham Leizerowski, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This is an appeal from the trial court's order denying appellant's petition for relief under the Post Conviction Hearing Act (PCHA).[1] Appellant argues in this appeal that his trial counsel was ineffective by failing to file a timely direct appeal to this Court.[2] For the reasons stated below, the trial court order is vacated and the case remanded for an evidentiary hearing.

Appellant pleaded guilty to conspiracy, burglary, and robbery. On February 14, 1983, the trial court sentenced appellant to ten to twenty years on the burglary charge, ten to twenty years on the robbery charge, and five to ten years on the conspiracy charge. The robbery and conspiracy sentences were to be served concurrently with appellant's burglary sentence. Appellant filed a petition for reconsideration of sentence which the trial court subsequently denied. Appellant did not file a motion to withdraw his guilty plea. On April 25, 1983, appellant filed an appeal to this Court which was quashed as untimely. Subsequently, appellant filed a PCHA petition which the trial court denied without a hearing. This timely appeal followed.

Appellant argues that his trial counsel was ineffective for failing to file a timely direct appeal from his judgment of sentence. In *Commonwealth v. Dockins*, 324 Pa.Super. 305, 471 A.2d 851 (1984), this Court stated:

Under most circumstances, counsel cannot be deemed ineffective for failing to raise an issue unless the issue is

1. 42 Pa.C.S.A. § 9541 *et seq.*
2. In addition, appellant argues that his trial counsel was ineffective by failing to call witnesses during the sentencing proceeding. Because of our disposition of this appeal, *see* our discussion *infra*, we need not address this issue. If the PCHA court, upon remand of this case, finds that an appeal *nunc pro tunc* is appropriate, appellant may then bring this issue to the court's attention.

meritorious. Nevertheless, it is trial counsel's duty to perfect a defendant's appeal *once requested to do so,* even if counsel believes that appellant's appeal would be without merit. *Commonwealth v. Cooley,* 298 Pa.Super. 163, 444 A.2d 711 (1982).[3]

*Id.*, 324 Pa.Superior Ct. at 310–11, 471 A.2d at 854 (emphasis in original) (footnote added). In *Commonwealth v. Berthesi,* 350 Pa.Super. 383, 504 A.2d 891 (1986), this Court further explained that:

It is axiomatic that in our scheme of justice an accused has the right to appeal his sentence [an accused has an absolute right to appeal pursuant to the Pennsylvania Constitution, Art. V, Sec. 9] and to the assistance of appointed counsel, if indigent, in doing so, *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Concomitantly, the accused has the ability to "waive" his right to counsel and to an appeal. As our Supreme Court capsulized in *Commonwealth v. Norman,* 447 Pa. 217, 285 A.2d 523 (1971):

In determining whether a defendant has waived a constitutional right it is well settled that the federal standards of waiver first enunciated in *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) apply. *Brookhart v. Janis,* 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966). The waiver of a constitutional right must be "an intentional relinquishment or abandonment of a known right or privilege." 304 U.S. at 464, 58 S.Ct. at 1023. The presumption must always be against the waiver of a constitutional right. *Glasser v. United States,* 315 U.S. 60, 70–71, 62 S.Ct. 457, 463–465, 86 L.Ed. 680 (1942). Nor can waiver be presumed in a silent record case. The United States Supreme

---

**3.** Where counsel believes that an appeal would be wholly frivolous, counsel must, at a minimum, seek to withdraw by petitioning the court and filing an *Anders* (*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), *reh. denied,* 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377) brief setting forth claims of "arguable merit." *See Commonwealth v. Lohr,* 503 Pa. 130, 468 A.2d 1375 (1983).

Court explicitly ruled in *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962):

> "*Presuming waiver from a silent record is impermissible.* The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." (Emphasis added).
>
> *Id.* at 516, 82 S.Ct. at 890. Thus this Court is constitutionally bound to place the burden of proving waiver on the Commonwealth. Whether defendant was represented by private or court-appointed counsel, or whether his trial took place before or after the *Douglas* decision, are distinctions with no legal significance. *Commonwealth v. Ezell*, [431 Pa. 101, 244 A.2d 646 (1968) ]; *Commonwealth ex rel Stevens v. Myers*, [419 Pa. 1, 213 A.2d 613 (1965) ].

477 Pa. at 221–222, 285 A.2d at 526.... Furthermore, the Commonwealth's burden of proving waiver of one's appellate rights by a preponderance of the evidence, in silent record cases, has been settled law in this jurisdiction since 1968. *Commonwealth v. Wilson*, 430 Pa. 1, 241 A.2d 760 (1968).

*Id.*, 350 Pa.Superior Ct. at 387–388, 504 A.2d at 893–894.

In the instant case, we have no notes of testimony to review on the issue of trial counsel's failure to perfect appellant's appeal since an evidentiary hearing was not held by the PCHA court.[1] We, consequently, cannot determine

4. The only reference in the record as to whether appellant wanted to pursue an appeal occurred as the result of the Commonwealth's "Motion for Further Specificity of Appellant's Amended PCHA Petition." The trial court's "Order for Further Specificity in Amended Post Conviction Hearing Act Petitions" required appellant to answer the following question: "Did petitioner ask his attorney to file an appeal?" In his "Amended Petition Under Post Conviction Hearing Act," appellant's answer to this question was simply "Yes." We find that this response alone is insufficient to allow us to determine whether appellant intentionally and knowingly waived his right to pursue an appeal.

whether appellant intentionally and knowingly waived his right to pursue an appeal. Normally, we would find that the Commonwealth has failed to meet its burden of proof and remand for the filing of an appeal *nunc pro tunc.* In the present case, however, the PCHA court did not permit any testimony on the merits of appellant's ineffectiveness claim. We, accordingly, must remand to the PCHA court to allow the Commonwealth an opportunity to introduce evidence that appellant intentionally and knowingly waived his right to pursue an appeal. "We emphasize that the burden of proof on this issue rests on the Commonwealth." *Commonwealth v. Norman,* 447 Pa. 217, 222–223, 285 A.2d 523, 526 (1971). *See Commonwealth v. Johnson,* 339 Pa.Super. 296, 488 A.2d 1132 (1985).

Order vacated and case remanded for an evidentiary hearing. Should the PCHA court determine that appellant has not waived his appellate rights, the proper remedy is the grant of an appeal *nunc pro tunc.*[5] *See Commonwealth v. May,* 296 Pa.Super. 435, 442 A.2d 1129 (1982) (en banc); *Commonwealth v. Miranda,* 296 Pa.Super. 441, 442 A.2d 1133 (1982) (en banc). Jurisdiction is relinquished.

---

**5.** We recognize that a plea of guilty constitutes a waiver of all defects and defenses except those concerning the jurisdiction of the trial court, the legality of the sentence, and the validity of the plea. *See Commonwealth v. Moyer,* 497 Pa. 643, 444 A.2d 101 (1982). Furthermore, only those issues raised in a motion challenging the plea can be considered on appeal. *See Commonwealth v. Smith,* 322 Pa.Super. 504, 469 A.2d 1104 (1983). Since appellant failed to file a motion to withdraw his guilty plea, appellant cannot challenge his plea. On appeal, appellant may, however, seek to withdraw his plea, *see Commonwealth v. Faust,* 324 Pa.Super. 492, 471 A.2d 1263 (1984) or attack his plea on the basis that trial counsel's ineffectiveness contributed to the plea. *See Commonwealth v. Weiss,* 289 Pa.Super. 1, 432 A.2d 1020 (1981). Additionally, appellant, on appeal, may challenge the trial court's jurisdiction or the legality of his sentence.