670 A.2d 147

**COMMONWEALTH of Pennsylvania**

v.

**Bill BRONAUGH, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 14, 1995.

Filed Nov. 28, 1995.

Reargument Denied Feb. 12, 1996.

Robert A. Crisanti, Pittsburgh, for appellant.

Sandra Preuhs, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CAVANAUGH, JOHNSON, and OLSZEWSKI, JJ.

OLSZEWSKI, Judge.

This appeal is from an order of the Court of Common Pleas of Allegheny County entered February 27, 1995, which dismissed appellant's Post Conviction Relief Act (PCRA)[1] petition without a hearing pursuant to Pa.R.Crim.P. 1507(a). We vacate the order and remand for an evidentiary hearing.

On October 21, 1993, appellant, Bill Bronaugh, pleaded guilty to one count each of aggravated assault[2] and terroristic threats.[3] Then, on December 14, 1993, appellant was sentenced to an aggregate term of not less than eight and one-half (8½) and not more than twenty (20) years imprisonment. Appellant alleged in his *pro se* PCRA petition that trial counsel unlawfully induced his guilty plea by indicating that his sentence would be shorter than that actually imposed. Further, appellant alleged that he requested trial counsel to file a direct appeal to this Court for the purposes of challenging the propriety of his sentence.[4] No direct appeal was ever filed, however.

Consequently, appellant alleged in his PCRA petition that he was denied effective assistance of counsel for the aforementioned reasons. In dismissing appellant's petition without a hearing, the lower court held that a hearing was not necessary to determine whether or not appellant instructed counsel to file a direct appeal. Appellant could not establish that there was a "substantial question" that the sentence imposed was inappropriate, *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987), nor could he challenge the discretionary aspect of the sentencing under the PCRA. *Commonwealth v. Wolfe,*

---

1. 42 Pa.C.S.A. § 9541 *et seq.*

2. 18 Pa.C.S.A. § 2701(a)(1).

3. 18 Pa.C.S.A. § 2706.

4. Appellant's counseled PCRA petition states:

 9. Your Petitioner avers that he is further eligible for relief because he was denied his constitutional right to effective assistance of counsel who failed to file a direct appeal to the Superior Court of Pennsylvania as desired by your Petitioner for purposes of challenging the propriety of his sentence ...

 Appellant's Amended Motion for Post Conviction Collateral Relief dated January 4, 1995 at 2.

398 Pa.Super. 94, 580 A.2d 857 (1990). Hence, the court determined that a hearing was not necessary because the issues underlying the ineffective assistance of counsel claim were meritless. *See* Trial Court Opinion at 4–6.

 This case presents the issue whether a court may dismiss a PCRA petition without first granting a hearing to determine whether an appellant's constitutional right to a direct appeal was violated by counsel's failure to file such appeal when requested, where the appellant has never had a direct appeal and claims ineffective assistance of prior counsel for not challenging the propriety of sentencing, where the appellant allegedly directed prior counsel to file such an appeal. We hold that an evidentiary hearing is required in this situation, and if it is found that appellant did, in fact, request prior counsel to file a direct appeal and did not waive his constitutional right to such appeal, appellant is entitled to a direct appeal *nunc pro tunc.*

 In Pennsylvania, an accused has an absolute right to a direct appeal. Pa. Const., art. V, § 9. *Commonwealth v. Wilkerson,* 490 Pa. 296, 298, 416 A.2d 477, 479 (1980). Counsel must protect this absolute right "unless the accused himself effectively waives the right." *Id.* (*citing Commonwealth v. Perry,* 464 Pa. 272, 274, 346 A.2d 554, 555 (1975)). Further, counsel is required to protect this appellate right even in circumstances where the appeal is "totally without merit." *Id.* It follows that counsel, however, is not required to advance frivolous arguments in an appeal since counsel may protect his client's appellate rights via the procedure outlined in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by advising the court and requesting permission to withdraw. *Wilkerson,* 490 Pa. at 298, 416 A.2d at 479. *See Commonwealth v. Baker,* 429 Pa. 209, 239 A.2d 201 (1968); *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981).

In *Wilkerson,* our Supreme Court held that the Post Con-

viction Hearing Act (PCHA)[5] court erred in dismissing the petitioner's PCHA petition without a hearing and in concluding that counsel could not be ineffective for failing to file an appeal if no issue of arguable merit was found in the petition. *Wilkerson, supra.* The petitioner alleged that he had taken steps to perfect an appeal by himself and also requested counsel to file a direct appeal. Such an appeal was never filed, nor was an *Anders* brief filed by counsel. As such, the court held that the facts alleged, if proven, would warrant relief based upon the ineffective assistance of prior counsel since an accused has an absolute right to direct appeal. *Id.* Consequently, the PCHA court should have held an evidentiary hearing to afford the petitioner an opportunity to prove whether or not he had directed counsel to file an appeal. *Id.*

In addition to the accused's absolute right to a direct appeal of his sentence, the accused has the right to assistance of court-appointed counsel to pursue such appeal, if indigent. *Commonwealth v. Waring,* 366 Pa.Super. 144, 145, 530 A.2d 933, 934 (1987). *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). While an accused possesses such rights, he also has the ability to waive his right to counsel and to an appeal. *Waring,* 366 Pa.Super. at 145, 530 A.2d at 934. The effective waiver of such a right must be an "intentional relinquishment or abandonment of a known right or privilege." *Id. (citing Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938)); *Commonwealth v. Norman,* 447 Pa. 217, 221, 285 A.2d 523, 526 (1971). Further, no waiver can be presumed where the record is silent. *Waring,* 366 Pa.Super. at 145, 530 A.2d at 934 (*citing Norman, supra,* at 221, 285 A.2d at 526); *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). The burden of proving a waiver of a defendant's appellate rights is on the Commonwealth. *Waring,* 366 Pa.Super. at 147, 530 A.2d at 935.

**5.** The PCHA, 42 Pa.C.S.A. § 9541 *et seq.* has been modified in part, repealed in part and renamed the PCRA by the Act of April 13, 1988, No. 47, § 3–4, 1988 Pa.Legis.Srv. 227, 229–232. *Commonwealth v. Lawson,* 519 Pa. 504, 506 n. 1, 549 A.2d 107, 108 n. 1 (1988).

■■■■■ In short, a criminal defendant has an absolute right to directly appeal his sentence, regardless of the merits of his appeal. When he is deprived of such right by counsel's failure to file an appeal after being directed to do so, ineffective assistance results in a constitutional violation, assuming there is no effective waiver of appeal. In the PCRA cases, the rule is that where the PCRA petitioner has alleged ineffectiveness of his trial counsel for failure to file a direct appeal, the PCRA court is precluded from reaching the merits of other issues raised in the PCRA petition once the court determines that the petitioner has been deprived of his right to direct appeal. At that point, an appeal *nunc pro tunc* is the proper remedy. *Commonwealth v. Miranda*, 296 Pa.Super. 441, 442 A.2d 1133 (1982). *See also Commonwealth v. Hoyman*, 385 Pa.Super. 439, 442, 561 A.2d 756, 758 (1989) (holding that *Miranda* applies equally to proceedings under the PCRA). If it has not been determined whether or not prior counsel's actions deprived a petitioner of his constitutional right to a direct appeal, a hearing shall be held to determine whether or not such right was deprived. *Commonwealth v. Hickman*, 434 Pa.Super. 633, 644 A.2d 787 (1994).

In the instant case, appellant had an absolute constitutional right to a direct appeal of his sentence. *Wilkerson*, 490 Pa. at 298, 416 A.2d at 479; Pa. Const., art. V, § 9. Since he alleged that he requested trial counsel to appeal his sentence, the PCRA court erred in dismissing the PCRA petition without a hearing by ruling on the merits of the issues underlying the ineffective assistance of counsel claim, *i.e.*, the sentencing of appellant. *Hickman, supra.* If appellant's allegations are true and no waiver of his constitutional right to appeal was effected, he would then be entitled to a direct appeal *nunc pro tunc. Id.; Miranda, supra.* Since appellant's allegations may not be reviewed via an examination of the record,[6] an evidentiary hearing by the PCRA court is in order. Pa. R.Crim.P. 1508(a).

---

6. We note only that prior counsel did not file an *Anders* brief as it is not included in the record.

In *Hickman,* appellant plead guilty to robbery, possession of a prohibited weapon, forgery, attempted escape, possession of implements of escape and criminal conspiracy, and was sentenced by the court. No direct appeal of the judgment of sentence was taken. In his PCRA petition, appellant alleged that (1) counsel unlawfully induced his guilty plea by indicating that the sentence would be lighter than that imposed, and (2) he directed counsel to file a motion to modify the sentence and a direct appeal. The lower court dismissed appellant's PCRA petition without a hearing since all issues relating to the discretionary aspects of a sentence are not cognizable claims under the PCRA. *Hickman,* 434 Pa.Super. at 634, 644 A.2d at 788. We held that the PCRA court erred in dismissing the petition without a hearing and remanded for a hearing to determine whether prior counsel's actions deprived appellant of his constitutional right to a direct appeal since appellant alleged that his right to a direct appeal was violated by counsel's failure to act as requested. *Id.* The key issue was "not the propriety of the appellant's sentence," but rather whether or not appellant's constitutional right to a direct appeal was violated. *Id.* Accordingly, if it was determined on remand that appellant's constitutional right of appeal was violated, we stated that appellant should be given the right to appeal *nunc pro tunc* regardless of the merit of his other claims. *Id.*

Consequently, the instant case is factually and procedurally similar to *Hickman* since the appellant in each case had no direct appeal and alleged in his PCRA petition that he requested prior counsel to file a direct appeal on his sentence. Thus, pursuant to our decision in *Hickman,* a hearing is required to determine whether or not appellant's constitutional right to a direct appeal was violated regardless of the other issues raised in the PCRA petition, and if so, appellant is entitled to a direct appeal *nunc pro tunc.* *See also Miranda, supra; Hoyman, supra.*

Another factually and procedurally similar case seems at first to hold to the contrary, *i.e.,* that a court can dismiss a PCRA petition in this situation when the issues underlying the

ineffectiveness claim for not filing a direct appeal are without merit. Upon closer scrutiny, however, such case can be distinguished from *Hickman* and the instant case. In *Commonwealth v. Lewis*, 430 Pa.Super. 336, 634 A.2d 633 (1993), appellant pled guilty to two counts of aggravated assault and was sentenced by the court. Thereafter, no post-trial motions or direct appeals were filed. Then, appellant filed a PCRA petition alleging that (1) her guilty pleas were not voluntary, (2) counsel was ineffective for failing to adequately advise and inform her of the consequences of entering guilty pleas, and (3) counsel was ineffective for failing to file motions to withdraw her guilty pleas and for reconsideration of sentence and a direct appeal as requested by appellant's mother and husband. *Lewis*, 430 Pa.Super. at 339, 634 A.2d at 635. The Court affirmed the dismissal of the petition by the PCRA court without a hearing. *Id.*

First, the Court analyzed the record and determined that the guilty pleas were entered voluntarily, and accordingly found the contention regarding the voluntariness of the plea to be meritless. *Lewis*, 430 Pa.Super. at 341, 634 A.2d at 636. Next, the Court examined the various claims concerning the alleged ineffectiveness of counsel under the following three-pronged test:

> The threshold inquiry for evaluating claims of ineffective assistance is the issue, argument or tactic which counsel has forgone is of arguable merit. *Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989). If the argument is of merit, the next inquiry is whether counsel's chosen course of action was designed to effectuate his client's best interests. Upon proof that counsel had some reasonable basis for pursuing his chosen course, the inquiry ends and counsel is presumed effective. *Commonwealth v. McNeil*, 506 Pa. 607, 487 A.2d 802 (1985). If a reasonable basis is lacking, the defendant must demonstrate that counsel's actions worked to his prejudice. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

*Id.* at 341, 634 A.2d at 636. According to the threshold prong of this test, the Court analyzed the merits underlying each of

the ineffectiveness claims. The Court held that the record contradicted the allegation that appellant was not informed of the nature and effect of her guilty pleas. *Id.* But, for analysis of the instant case, the important issue was appellant's contention that counsel should have filed a direct appeal. Accordingly, the Court analyzed the issues upon which appellant would have pursued in a direct appeal. Since the Court found that the claims regarding the guilty plea and sentencing issues had no merit, any direct appeal to the Superior Court would also have been meritless. *Id.* at 343, 634 A.2d at 637. As such, the Court affirmed the PCRA court's order denying PCRA relief without a hearing. *Id.*

We fail to follow the result obtained in *Lewis* and choose to follow *Hickman* and its progeny because, in *Lewis*, it was possible for the Court to examine the merits underlying the claim of ineffective assistance of counsel on both a PCRA claim and a direct appeal. In the instant case and *Hickman*, however, the Court would have different standards in evaluating a PCRA claim and a direct appeal of the underlying issue. In *Lewis*, the court could review the issues regarding the guilty pleas and the sentencing presented in a direct appeal as well as in a PCRA petition. On the other hand, in the instant case and *Hickman*, we note that the only issue alleged underlying the ineffectiveness claim deals with the propriety of appellant's sentence. On direct appeal, one can challenge the discretionary aspects of sentencing pursuant to 42 Pa.C.S. § 9781(a), (b):

(a) **Right to appeal.**—The defendant or the Commonwealth may appeal as of right the legality of the sentence.

(b) **Allowance of appeal.**—The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

*Tuladziecki,* 513 Pa. at 510, 522 A.2d at 18. On the other hand, in a PCRA petition, the discretionary aspects of sentencing may not be reviewed and the only issue subject to PCRA review is whether there was an "imposition of a sentence greater than the lawful maximum." *Wolfe,* 398 Pa.Super. at 97, 580 A.2d at 859. 42 Pa.C.S.A. § 9543(a)(2)(vii).

Therefore, since we could not review any of appellant's claims regarding the discretionary aspects of sentencing in a PCRA petition review, but could review such aspects ·in a direct appeal, it is necessary to determine how appellant may properly proceed. If appellant did not waive his right to appeal and requested prior counsel to file a direct appeal but counsel failed to follow such request, he was deprived of his constitutional right to a direct appeal and is entitled to such appeal *nunc pro tunc. Hickman, supra. Miranda, supra.* Hence, on this appeal, appellant can challenge the discretionary aspects of sentencing. If appellant's constitutional right to a direct appeal was not violated (*i.e.,* no waiver and no request made to prior counsel to file such appeal), the PCRA petition could be denied without a hearing because challenges to the discretionary aspects of sentencing underlying an ineffectiveness claim are not cognizable under the PCRA. *Wolfe,* 398 Pa.Super. at 99, 580 A.2d at 860. Therefore, the key issue is whether or not appellant's constitutional right to a direct appeal has been violated, and such issue has never been decided by the court.

Based on the aforementioned reasons, we vacate the order dismissing appellant's PCRA petition and remand this case for an evidentiary hearing on the issue of whether appellant's constitutional right to a direct appeal was waived [7] or violated by the ineffectiveness of prior counsel in allegedly failing to file a direct appeal as requested by appellant. If it is determined that such right was violated and not effectively waived, appellant is entitled to pursue a direct appeal to this Court *nunc pro tunc.*

7. The Commonwealth has the burden of proving waiver of appellant's right to direct appeal on remand. *Waring,* 366 Pa.Super. at 147, 530 A.2d at 935.

Order VACATED. Case REMANDED for proceedings consistent with this memorandum. Jurisdiction relinquished.

Dissenting Opinion by JOHNSON, J.

JOHNSON, Judge, dissenting:

My colleagues conclude that Bronaugh is entitled to an evidentiary hearing to determine whether he instructed counsel to file a direct appeal. However, I find that Bronaugh did not properly claim in either his *pro se* PCRA petition or in the amended petition filed by new counsel that he instructed trial counsel to file a direct appeal. Accordingly, I find no need to remand the case for an evidentiary hearing on this matter. Thus, I must respectfully dissent.

It has been well established that counsel is under no obligation to file, nor can counsel be deemed ineffective for failing to file, a direct appeal unless petitioner specifically instructed counsel to take such action. *Commonwealth v. Dockins*, 324 Pa.Super. 305, 471 A.2d 851 (1984). Moreover, petitioner must specifically plead and present evidence to this Court that he in fact requested counsel to pursue a direct appeal within the requisite time period and counsel failed to do so. *Commonwealth v. Velasquez*, 387 Pa.Super. 238, 243, 563 A.2d 1273, 1275 (1989), *appeal denied*, 525 Pa. 663, 583 A.2d 793 (1990).

Bronaugh did not allege, in either his *pro se* PCRA petition or amended petition filed by new counsel, that he had instructed trial counsel to file a direct appeal within the requisite time period. In the amended PCRA petition, submitted by counsel on January 5, 1995, Bronaugh alleged:

9. ... that he is further eligible for relief because he was denied his constitutional right to effective assistance of counsel who failed to file a direct appeal to the Superior Court of Pennsylvania as desired by [Bronaugh] for the purpose of challenging the propriety of his sentence. *See, Commonwealth v. Hickman*, 434 Pa.Super. 633, 644 A.2d 787 (1994).

534

The petition contains no averment that he, at any time, instructed counsel to pursue a direct appeal. On February 24, 1995 counsel filed a supplemental petition, and requested, in a *footnote*, that Bronaugh be "permitted to amend his petition so as to indicate that he 'directed' counsel to file a direct appeal". However, an amended PCRA petition was never filed and the PCRA court never granted this footnoted request. On February 27, 1995 the PCRA court issued an order dismissing Bronaugh's PCRA petition.

The pleadings filed and reviewed by the trial court at the time of the entry of the order denying PCRA relief did not contain the required allegation that Bronaugh requested an appeal and that trial counsel ignored or failed to respond to that request. The trial court did not err in denying PCRA relief on that record. This appeal has come to us on submitted briefs, without benefit of oral argument. I would affirm the order dismissing the PCRA petition without a hearing.

Hence, this dissent.