J-S92032-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
      Appellee :
:
    v. :
:
SANTOS D. TORRES-OLAN, :
:
      Appellant : No. 812 WDA 2016

Appeal from the Judgment of Sentence April 1, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001888-2015

BEFORE:   SHOGAN, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:  **FILED FEBRUARY 9, 2017**

Santos D. Torres-Olan (Appellant) *pro se* appeals from the April 1, 2016 judgment of sentence imposed after he was found guilty by a jury of terroristic threats, possession of a firearm without a license, and possession of a firearm with an altered serial number. Upon review, we remand for proceedings consistent with this memorandum.

On April 14, 2015, Appellant was arrested and charged with, *inter alia*, the aforementioned offenses. Attorney Nicole Sloane of the Erie County Office of the Public Defender was appointed as counsel to represent Appellant. On September 10, 2015, Attorney Sloane filed a petition for leave to withdraw as counsel because Appellant had written letters to the court requesting that he be provided with "adequate" counsel. Petition for Leave to Withdraw as Counsel, 9/10/2015. According to Attorney Sloane,

_____
* Retired Senior Judge assigned to the Superior Court.

the letters from Appellant made clear that he was unhappy with counsel's performance. In addition, Appellant indicated that he wished to proceed *pro se* should Attorney Sloane be permitted to withdraw. ***Id***. at Exhibit A. The trial court conducted a hearing on this petition on September 28, 2015. After that hearing, the trial court granted Attorney Sloane leave to withdraw as counsel. In addition, Appellant represented to the court that he intended to waive his right to counsel and proceed *pro se*. Thus, the trial court conducted a colloquy to ensure Appellant's waiver of counsel was knowing, intelligent, and voluntary, and Appellant was permitted to proceed *pro se*.

Appellant then requested standby counsel pursuant to Pa.R.Crim.P. 121(D). That motion was granted, and on October 19, 2015, Attorney Garrett Taylor was appointed. Appellant filed numerous pre-trial motions, all of which were denied.

A jury trial was held on February 12 and 16, 2016, where Appellant represented himself and Attorney Taylor participated as standby counsel. On February 16, 2016, Appellant was found guilty of the aforementioned charges. On April 1, 2016, Appellant was sentenced to an aggregate term of nine years, seven months to nineteen years, two months of incarceration. Appellant filed a post-sentence motion, which was denied without a hearing. Appellant timely filed a notice of appeal, which was docketed on April 18, 2016.

On April 19, 2016, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925 within 21 days. On April 22, 2016, Appellant filed a "request for application for representation by public defender office to assist [him] in filing an appeal." Letter, 4/22/2016. On April 27, 2016, Appellant sent a letter to the trial court, which included, *inter alia*, a request for "an extension" of time of thirty days to file his concise statement. Letter, 4/27/2016.

The trial court did not act on either letter sent by Appellant. On May 27, 2016, the trial court authored an opinion stating that Appellant has waived all issues on appeal for his failure to file a concise statement.[1]

Before we reach the issues presented on appeal by Appellant, we consider the fact that Appellant made a request for counsel for this appeal. It is well settled that "[i]n addition to the accused's absolute right to a direct appeal of his sentence, the accused has the right to assistance of court-appointed counsel to pursue such appeal, if indigent." ***Commonwealth v. Bronaugh***, 670 A.2d 147, 149 (Pa. Super. 1995). "While an accused possesses such rights, he also has the ability to waive his right to counsel and to an appeal." ***Id***. "The effective waiver of such a right must be an

---

[1] The trial court acknowledged that it did not act on Appellant's request for an extension of time to file his concise statement. However, the trial court suggests that because Appellant never filed a late statement, "Appellant has failed to timely comply with the [trial court's] order" and all issues are waived on this basis. Trial Court Opinion, 5/27/2016, at 1.

intentional relinquishment or abandonment of a known right or privilege[, and] no waiver can be presumed where the record is silent." *Id*.

Here, the record is silent as to whether Appellant's waiver of his right to counsel during trial also included a waiver of his right to counsel for his direct appeal. In addition, Appellant requested counsel for his direct appeal, and the trial court did not rule on it. Accordingly, we remand this case to the trial court for a ruling on that motion.[2]

Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2017

---

[2] If, upon remand, Appellant indicates he would like to proceed *pro se*, the trial court shall conduct a colloquy to ensure that Appellant's decision to waive counsel is, once again, knowing, intelligent, and voluntary. Moreover, we caution Appellant that "there is no constitutional right to hybrid representation either at trial or on appeal." *Commonwealth v. Ellis*, 626 A.2d 1137, 1139 (Pa. 1993). Thus, if Appellant elects to proceed with appointed counsel, he may not continue to his practice of *pro se* filings with either the trial court or this Court.

- 4 -