J-S49024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TEKEESHA LARAE LOVELACE | |
| Appellant | No. 543 EDA 2019 |

Appeal from the Order Entered December 28, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0001288-2018

BEFORE:  BENDER, P.J.E., STABILE, J. and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 11, 2019**

Appellant, Tekeesha Larae Lovelace, appeals from her judgment of sentence of 11½—23 months' imprisonment for aggravated assault, resisting arrest and driving under suspension.[1]  We remand this case for the trial court to conduct a hearing concerning whether Appellant knowingly, intelligently and voluntarily waived her right to appellate counsel.

During a traffic stop, police officers attempted to arrest Appellant based on suspicion that she was driving while under the influence of a controlled substance.  Appellant became combative and struck the officers.  The jury found her guilty of the aforementioned charges.  On November 30, 2018, the trial court imposed sentence.

_____

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702, 5104 and 75 Pa.C.S.A. § 1543.

At the conclusion of the sentencing hearing, Appellant's attorney stated that Appellant wanted to handle post-sentence motions and the appeal herself. N.T., 11/30/18, at 46. The court asked whether counsel had reviewed any colloquy with Appellant relating to her right to appellate counsel. *Id.* Counsel replied that he did not have a colloquy but could get one to the clerk. *Id.* The court stated to Appellant:

> [Counsel is] going to go over your rights as far as the deadlines for filing your appeal and your post-sentences motions and all of that. He will give you a copy of that in writing. So I'm going to direct that you sit down with him and go through all of that because I want to make sure that you understand what your rights are. If you have any questions about that that you feel he can't answer, I'm happy to come back here in court and answer any questions you have on that. So I will give you the opportunity to spend the time with him. As I said, it's a preprinted form. Everyone goes through that. It's not like he has made it up or anything like that. This is the standard form that everyone goes through so that we make sure you understand your rights and you don't miss any deadlines. So I'm going to direct that you sit with him, go through that, and then, as I said, if you are uncomfortable with his advice and you have a question about anything concerning that, I'll come back and I'll try to answer any questions that you have . . .

*Id.* at 47. The court entered an order permitting counsel to withdraw his appearance. The record, however, does not include any written form in which Appellant waived appellate counsel or any hearing transcript in which Appellant waived counsel after being apprised of the rights that she was giving up.

Appellant did not file post-sentence motions, but she did file a timely *pro se* notice of direct appeal. She also filed a motion for leave to proceed *in*

*forma pauperis*, which the trial court granted. Both Appellant and the trial court complied with Pa.R.A.P. 1925. The court's Rule 1925 opinion recommended dismissal of Appellant's appeal due to the vagueness of her Pa.R.A.P. 1925 statement.

In this Court, Appellant filed a *pro se* brief in this appeal raising three issues:

> I. Whether the Commonwealth had sufficient evidence to establish a *prima facie* case?
>
> II. Abuse of discretion/authority
>
> III. Was the verdict against the weight of the evidence and the law?

Appellant's Brief at 7.

We do not reach the issues presented in Appellant's brief, because there is no colloquy in the record relating to waiver of Appellant's right to appellate counsel on direct appeal. It is well settled that "[i]n addition to the accused's absolute right to a direct appeal of his sentence, the accused has the right to assistance of court-appointed counsel to pursue such appeal, if indigent." ***Commonwealth v. Bronaugh***, 670 A.2d 147, 149 (Pa. Super. 1995). "While an accused possesses such rights, he also has the ability to waive his right to counsel and to an appeal." ***Id.*** "The effective waiver of such a right must be an intentional relinquishment or abandonment of a known right or privilege[, and] no waiver can be presumed where the record is silent." ***Id.***

Pursuant to **Bronaugh**, we cannot overlook the absence of any colloquy establishing that Appellant knowingly and intelligently waived her right to counsel after being informed of the rights and privileges that she was relinquishing. We conclude that the proper course of action is to remand this case for an on-the-record colloquy, within thirty days of this memorandum, in which the trial court ascertains whether Appellant's decision to waive counsel is knowing, intelligent and voluntary. **Cf. Commonwealth v. Robinson**, 970 A.2d 455, 460 (Pa. Super. 2009) (noting in context of PCRA appeal that "regardless of how unambiguous a defendant's [desire to proceed *pro se*] may be, without a colloquy the court cannot ascertain that the defendant fully understands the ramifications of a decision to proceed *pro se* and the pitfalls associated with his lack of legal training. Thus, a defendant cannot knowingly, voluntarily, and intelligently waive counsel until informed of the full ramifications associated with self-representation"). If Appellant confirms following a proper colloquy that she would like to proceed *pro se*, and the trial court is satisfied that her decision to waive counsel is knowing, voluntary, and intelligent, the court shall enter an order permitting Appellant to represent herself. If Appellant indicates that she wants counsel to represent her, or if the court determines that her decision to waive counsel is not knowing, voluntary, and intelligent, the court shall enter an order appointing counsel to represent her on direct appeal.

Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/11/19