J-S64018-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEL MICHAEL EDDINGS | : | |
| | : | |
| Appellant | : | No. 443 WDA 2019 |

Appeal from the Order Entered March 1, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0002409-2016

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                    FILED DECEMBER 17, 2019

Joel Michael Eddings, pro se, appeals from the order, entered in the Court of Common Pleas of Fayette County, granting, in part, and denying, in part, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we remand for further proceedings in accordance with the dictates of this memorandum.

The underlying charges in this matter stem from an incident in which Eddings drove his vehicle carelessly and recklessly while his blood alcohol concentration ("BAC") was .02 or greater and his driver's license was suspended.  It was his fourth conviction for driving under the influence ("DUI") within the past ten years.  On April 28, 2017, Eddings entered a guilty plea to seven counts under the Vehicle Code, 75 Pa.C.S.A. §§ 101, et seq.  On May

_____

[*] Retired Senior Judge assigned to the Superior Court.

22, 2017, at the time scheduled for sentencing, Eddings moved to withdraw his plea. The trial court granted his motion.

On February 5, 2018, Eddings again entered a guilty plea to multiple charges.[1] The court scheduled sentencing for February 20, 2018, at which time Eddings again sought to withdraw his plea. This time, the court denied his request and sentenced him as follows: for DUI, a term of 1 to 5 years' imprisonment and for driving while operating privilege suspended, a consecutive term of 90 days' imprisonment. The court imposed no further penalty on the remaining charges.

Eddings filed a post-sentence motion to modify his sentence, which the court granted on April 26, 2018. The court modified Eddings' sentence for DUI to 6 months' to 2 years' imprisonment, with credit for time served. In all other respects, Eddings' judgment of sentence remained the same. Eddings filed a counseled notice of appeal to this Court on May 8, 2018. On June 11, 2018, our Court discontinued the appeal upon praecipe.

On November 5, 2018, Eddings filed a pro se petition under the PCRA, in which he claimed abandonment by appellate counsel and ineffectiveness of plea counsel. The court appointed counsel, who subsequently moved to withdraw due to his prior involvement in the matter as an assistant district attorney. The court granted counsel's motion and appointed new counsel,

_____

[1] Eddings pled guilty to DUI—general impairment (4th offense), driving while license suspended/revoked, driving with BAC of .02 or greater while license suspended, disregard of traffic lanes, careless driving, reckless driving, and no rear lights.

James V. Natale, Esquire, who filed an amended petition raising the same issues Eddings raised in his pro se filing. After a hearing, on March 1, 2019, the PCRA court granted relief, in part, by reinstating Eddings' direct appellate rights, nunc pro tunc. Specifically, the court determined that direct appeal counsel had withdrawn Eddings' appeal without Eddings' consent. See Findings of Fact, 3/4/19, at ¶ 6. The court further determined Eddings' claim regarding plea counsel's ineffectiveness to be meritless.

On March 25, 2019, while still represented by Attorney Natale, Eddings filed a pro se notice of appeal, referencing the court's March 1, 2019 order disposing of his PCRA petition.[2] That same day, the court ordered Eddings to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[3] On April 1, 2019, Eddings filed a pro se motion for change of appointed counsel. In that motion, Eddings averred that he and Attorney Natale had an "irreconcilable personality conflict . . . and difference of opinion on the manner and issues in this case" and that he had been unable to contact counsel, "forcing [Eddings] to proceed with his appeal pro se." Motion For Change of Appointed Counsel, 4/1/19, at ¶¶ 3-4. Eddings requested that new counsel be appointed to represent him on appeal. However, the court never ruled on that motion.

_____

[2] Eddings served a copy of his notice of appeal upon Attorney Natale.

[3] A copy of the order was sent to Attorney Natale.

Subsequently, on April 15, 2019, Eddings, again acting pro se, filed a motion for enlargement of time to file his Rule 1925(b) statement. The court—certainly aware that Eddings was still represented by Attorney Natale—granted that motion on April 16, 2019, and directed Eddings to file his Rule 1925(b) statement within 21 days.[4] Eddings filed a pro se Rule 1925(b) statement on May 6, 2019. In his Rule 1925(b) statement, Eddings raised two claims. The first was a direct appeal claim related to an alleged breach of his plea bargain by the Commonwealth. The second claim asserted the ineffectiveness of PCRA counsel in failing to consult with him about appealing the PCRA court's order. On May 21, 2019, the court issued its Rule 1925(a) "Statement in Lieu of Opinion." In that statement, the court—believing Eddings' appeal to be a direct appeal nunc pro tunc—noted that, "instead of filing a statement of errors which may have occurred with regard to his plea and sentencing proceedings, [Eddings] raised errors complained of on appeal that relate to his PCRA proceedings."[5] Rule 1925(a) Statement, 5/22/19, at 2. Accordingly, the court recommended Eddings' appeal be dismissed.

On July 2, 2019, after reviewing the certified record and finding no order either permitting counsel to withdraw or authorizing Eddings to proceed pro se, this Court remanded the record to the trial court to conduct a Grazier[6]

_____

[4] A copy of this order was also mailed to Attorney Natale.

[5] This statement by the court was incorrect, as one of the claims Eddings raised was, in fact, a direct appeal claim.

[6] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

hearing to determine if Eddings desired to proceed pro se. On July 22, 2019, the trial court found that Eddings knowingly, intelligently, and voluntarily waived his right to counsel and permitted him to proceed pro se on appeal.

On appeal, Eddings raises the following claims for our review:

1. Did the trial court commit error when it sentenced [Eddings] to 1 to 5 years in state prison, contrary to the 90[-]day "IP" agreement that was reached with the Commonwealth?

2. Did the trial court abuse its discretion when it refused to allow [Eddings] to withdraw his plea, and to proceed with a trial, in violation of the state and federal constitutions?

Brief of Appellant, at 6, 9 (unnecessary punctuation omitted).

At the outset, we note that the present case presents an unusual procedural posture. As noted above, while still represented by Attorney Natale, Eddings filed this appeal pro se from the order granting in part and denying in part his request for PCRA relief. In his pro se Rule 1925(b) statement, filed while he was still represented by Attorney Natale, Eddings raised one direct appeal claim and one claim asserting the ineffectiveness of PCRA counsel for failing to consult with him about appealing the court's denial of PCRA relief.[7] In his pro se appellate brief, Eddings raises two direct appeal

_____

[7] Because Eddings was still represented by counsel, his pro se Rule 1925(b) statement was technically a legal nullity. See Commonwealth v. Ellis, 626 A.2d 1137, 1139, 1141 (Pa. 1993) ("[T]here is no constitutional right to hybrid representation either at trial or on appeal. . . . [A defendant may not] confuse and overburden the court by his own pro se filings of briefs at the same time his counsel is filing briefs on his behalf."). Nevertheless, the trial court addressed Eddings' claims in a Rule 1925(a) "Statement in Lieu of Opinion."

claims, one of which he raised in his Rule 1925(b) statement, and one he did not.

This Court has stated:

[O]nce a PCRA court determines that a petitioner's right to direct appeal has been violated, the PCRA court is precluded from reaching the merits of other issues raised in the petition. Rather, once the PCRA court finds that the petitioner's appellate rights have been abridged, it should grant leave to file a direct appeal and end its inquiry there.[8]

Commonwealth v. Harris, 114 A.3d 1, 3–4 (Pa. Super. 2015) (citations and quotation marks omitted). Where a PCRA court grants a petitioner the right to seek direct review nunc pro tunc, the petitioner's sentence is no longer final and the PCRA court lacks jurisdiction to rule on any other requests for PCRA relief. Id. at 6.

Here, because the PCRA court reinstated Eddings' direct appeal rights, it erred by proceeding to rule on the merits of Eddings' ineffective assistance of counsel claim. See id. This error by the PCRA court appears to have led to confusion on Eddings' part. Specifically, because the PCRA court denied his ineffectiveness claim, Eddings apparently believed the proper course of action

_____

[8] Our Supreme Court has carved out two narrow exceptions to this rule: (1) extraordinary cases in which the trial court determines that a claim of ineffectiveness is both meritorious and apparent from the record so that immediate consideration or relief is warranted, and (2) where "prolix" claims of ineffectiveness are accompanied by a knowing, voluntary, and express waiver of PCRA review. Commonwealth v. Holmes, 79 A.3d 562, 577-78 (Pa. 2013). Neither of those exceptions applies here.

was to appeal from the PCRA order. However, although Eddings' notice of appeal references the date of the PCRA order, his brief makes clear his intent to appeal his judgment of sentence, nunc pro tunc.[9] In short, Eddings is left in a "Catch-22" situation in which he has appealed a ruling that the PCRA court lacked jurisdiction to make, Harris, supra, and, in doing so, forfeited his direct appeal nunc pro tunc. See Commonwealth v. Wright, 846 A.2d 730, 734 (Pa. Super. 2004) ("When the trial court issues an order reinstating an appellant's appeal rights, the appellant must file the appeal within 30 days of the order reinstating the appeal rights.").

Additionally, although the trial court ultimately determined that Eddings knowingly, intelligently, and voluntarily desired to proceed pro se, it did so only after Eddings filed a pro se notice of appeal of his PCRA order, a pro se motion for the appointment of new counsel (which the court never acted on), and a pro se Rule 1925(b) statement in which he alleged that PCRA counsel had abandoned him on appeal. The fact that Eddings both sought the appointment of new counsel and raised PCRA counsel's alleged abandonment in his Rule 1925(b) statement clearly indicates that, at least at that point in the proceedings, he did not wish to proceed pro se.

_____

[9] In his "statement of the order in question," Eddings states: "This is an appeal that was granted nunc pro tunc, by the Court of Common Pleas, Fayette County[.]" Brief of Appellant, at 4. In his "statement of the case," Eddings states: "[A]ppellant filed a PCRA [petition] and after a hearing, appellant's rights to a direct appeal were reinstated nunc pro tunc. Said appeal[] is now being presented to this Court of review[.]" Id. at 5.

Where counsel's conduct has adversely affected the right to appeal, courts have granted an appeal nunc pro tunc on the basis that the defendant's right to appeal has been denied. Commonwealth v. Bronaugh, 532 670 A.2d 147, 151 (Pa. Super. 1996) ("If appellant did not waive his right to appeal and requested prior counsel to file a direct appeal but counsel failed to follow such a request, he was deprived of his constitutional right to a direct appeal and is entitled to such appeal nunc pro tunc."). Moreover, where circumstances such as ineffectiveness of counsel, fraud, or a breakdown in the court's operations are present, reinstatement of appellate rights, nunc pro tunc, is appropriate. See Commonwealth v. Stock, 679 A.2d 760, 762 (Pa. 1996).

Here, it is apparent from the face of the record that counsel abandoned Eddings on his direct appeal nunc pro tunc. Having successfully obtained reinstatement of Eddings' direct appeal rights, Attorney Natale neither filed an appropriate notice of appeal, nor moved to withdraw his representation. This would appear, on its face, to constitute ineffectiveness, per se. See Commonwealth v. Lantzy, 736 A.2d 564, 572 (Pa. 1999) (unjustified failure to file requested direct appeal constitutes ineffectiveness, per se).

Moreover, the trial court, presented with a request for the appointment of new counsel, failed to act and, instead, continued to act on Eddings' pro se filings despite the fact that Attorney Natale remained his counsel of record. In light of these circumstances, we conclude that the proper course of action is to remand this matter to the trial court. Upon remand, the court is directed

- 8 -

to enter an order again reinstating Eddings' direct appellate rights, nunc pro tunc. The court shall also make a determination as to whether Eddings wishes to proceed with his nunc pro tunc appeal pro se or with counsel. If the court determines that Eddings desires representation, the court shall enter an order appointing counsel.

Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/17/2019