J-S10026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:            PENNSYLVANIA
:
          v.                     :
:
:
:
VINCENT KEVIN FENNER          :
:
        Appellant          :    No. 907 MDA 2021

Appeal from the PCRA Order Entered June 22, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000063-2019

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:         **FILED: JULY 11, 2022**

Vincent Kevin Fenner appeals the denial of his request for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. He claims that his trial counsel was ineffective for failing to consult with him regarding a direct appeal. We affirm.

This case stems from an incident in which Fenner was observed selling .9 grams of cocaine. On July 15, 2019, Fenner entered a negotiated guilty plea to one count of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance.[1] On that same date, the court sentenced Fenner to a term of 18 to 36 months of incarceration in a state prison. The following exchange occurred during Fenner's guilty plea hearing:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(A)(30).

[Commonwealth]: At this time [Fenner] is pleading guilty to Count 1 of the information delivery of a controlled substance, .9 grams of cocaine. **The recommendation is 18 to 36 months state correctional facility.** [Fenner] has Credit for 236 days, November 21st to today. [Fenner] is not RRRI eligible. Count 2 is nolle prossed on the motion of the Commonwealth.

[Fenner] is also sitting on a state parole violation. He understands by moving his credit time to this case, [Fenner] will not get any credit from the state for any subsequent parole violation. Count 2 is nol prossed.

[Fenner's counsel]: **Everything that the Commonwealth just said is correct, Your Honor.**

[The court]: Okay, so the last few things are non RRRI eligible, he has not elected to apply any credit to this case, and therefore, it cannot be used for any possible parole violation.

[Fenner's counsel] Correct, Your Honor

……

[The court]: Mr. Fenner are you entering this plea today of your own free will?

[Fenner] Yes.

The court: Did anyone force you or coerce you into entering this plea?

[Fenner] No.

[The court]: Have you had a full opportunity to discuss the plea agreement with your attorney?

Fenner: Yes.

……

[The court]: And Mr. Fenner, you heard those facts, the date, time and place, it's a felony offense that is punishable [by] 20 years['] incarceration, how do you plead, guilty or not guilty?

[Fenner]: Guilty.

N.T., 7/15/19, at 1-6 (emphasis added).

Fenner did not file a direct appeal but did file the instant timely PCRA petition, his first, in July 2020. The court appointed counsel who filed an amended PCRA petition raising claims of ineffective assistance of trial counsel and seeking restoration of Fenner's direct appeal right. After the PCRA court issued Pa.R.Crim.P. 907(a) notice of its intent to dismiss Fenner's petition without a hearing, the court denied his petition on June 21, 2021. This timely appeal followed.

Fenner raises the following single issue before this Court:

Did the PCRA court err when it dismissed – without a hearing – Mr. Fenner's claim that trial counsel was ineffective for failing to consult him regarding a direct appeal, contrary to the Pennsylvania Superior Court's holding in **Commonwealth v. Bronaugh**, 670 A.2d 147 (Pa.Super. 1995), which states that an evidentiary hearing must be held when the petitioner raises a claim regarding the failure to file a direct appeal[?]

Fenner's Br. at 5.

Our standard of review of an order denying PCRA relief is limited to determining "whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa.Super. 2018) (citation omitted). Further, "a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings." **Commonwealth v. Shaw**, 217 A.3d 265, 269 (Pa.Super. 2019).

Fenner challenges the effectiveness of trial counsel. We presume counsel was effective. **Commonwealth v. Lesko**, 15 A.3d 345, 374 (Pa. 2011). Fenner bore the burden of pleading and proving all of the following: "1) the underlying claim has arguable merit; 2) no reasonable basis existed for counsel's actions or failure to act; and 3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error." **Id**. at 373.

Where "there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases and denies the accused the assistance of counsel that is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution." **Commonwealth v. Mojica**, 242 A.3d 949, 955 (Pa.Super. 2020) (internal quotation and citation omitted).

Fenner does not claim that he requested a direct appeal. He instead avers that his counsel failed to consult with him regarding a possible direct appeal. **See** Fenner's Br. at 10. To establish counsel was ineffective for failing to consult with a defendant about an appeal, the petitioner must establish that a duty to consult arose because counsel had reason to believe either "(1) that a rational defendant would want to appeal (for example because there are non-frivolous grounds for appeal), or (2) that this particular defendant

reasonably demonstrated to counsel that he was interested in appealing."

***Commonwealth v. McDermitt***, 66 A.3d 810, 815 (Pa.Super. 2013).

Significantly here, the United States Supreme Court has discussed factors courts should consider in the context of an attorney's alleged failure to consult regarding an appeal:

> In making this determination, courts must take into account all information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issue and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

***Roe v. Flores–Ortega***, 528 U.S. 470, 480 (2000).

Our inquiry does not end with a determination of whether counsel improperly failed to consult Fenner regarding an appeal. Fenner must also demonstrate prejudice:

> A deficient failure on the part of counsel to consult with the defendant does not automatically entitle the defendant to reinstatement of his or her appellate rights; the defendant must show prejudice . . . to show prejudice in these circumstances a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.

*Commonwealth v. Carter*, 21 A.3d 680, 683 (Pa.Super. 2011) (internal quotation marks and citation omitted).

In this case, Fenner claims that his trial counsel was ineffective for failing to consult with him regarding a direct appeal after he was sentenced. He maintains that in prior discussions with his counsel, counsel assured him that if he received a state prison sentence (such as the court imposed), then counsel would file a direct appeal. Thus, Fenner asserts that counsel had reason to know that he was interested in filing a direct appeal. Further, Fenner argues he could have proven this fact had the trial court afforded him an evidentiary hearing.

Conversely, the trial court determined that Fenner's guilty plea colloquy revealed that he knew about and agreed to the state prison sentence. Further, neither Fenner nor his counsel objected to his sentence. Therefore, the court concluded, counsel would have had no reason to believe that Fenner desired an appeal on those grounds. Hence, the court determined that an evidentiary hearing on Fenner's PCRA petition was unnecessary because Fenner's ineffective assistance of counsel claim was "patently frivolous." *See* Tr. Ct. Rule 907 notice, 5/28/21.

We discern no error. *See Hart*, 199 A.3d at 481. The record reveals Fenner agreed to a plea deal in which the Commonwealth would recommend a state sentence, the Commonwealth in fact made such a recommendation, and the court imposed exactly the sentence the Commonwealth had agreed to recommend. Under those circumstances, even assuming counsel had

previously told the defendant that counsel would file an appeal if the court imposed a state sentence, after the colloquy and plea, counsel had no reason to think Fenner would want an appeal. *See McDermitt*, 66 A.3d at 815.

Fenner's reliance on *Bronaugh* is misplaced. He cites that case for the proposition that when a defendant argues that his counsel was ineffective for failure to file a direct appeal, the trial court must conduct an evidentiary hearing in order to determine whether the defendant requested such an appeal. *Bronaugh* 670 A.2d at 151. However, *Bronaugh* is not dispositive here because Fenner admits that he did not ask his counsel to file a direct appeal. Instead, Fenner argues that his counsel was ineffective for not consulting with him regarding any potential appeal. Hence, the trial court was tasked with determining whether such a consultation was constitutionally required and not whether Fenner had actually made a request of his counsel. Accordingly, the court aptly concluded that no outstanding issue of material fact required an evidentiary hearing. *See Shaw*, 217 A.3d at 269.

Likewise, in *McDermitt*, this Court held that the PCRA court was not required to conduct an evidentiary hearing to examine the nature of counsel's consultation regarding an appeal with the defendant. *McDermitt*, 66 A.3d at 815. This Court explained that because the defendant entered a no-contest plea, he could only challenge the "jurisdiction of the trial court, the validity of the plea, and the legality of the sentence" and there was "nothing of record that would indicate to counsel that appellant might want to appeal because appellant was the recipient of a generous plea bargain." *Id*.

The instant case is akin to ***McDermitt***. In view of the plea deal, the colloquy, and Fenner's entry of the plea, trial counsel would have no reason to know that Fenner desired an appeal. ***See id.*** Fenner has not met his burden of proving that his counsel was ineffective for failure to consult with him regarding a potential direct appeal. ***See McDermitt***, 66 A.3d at 815; ***Lesko***, 15 A.3d at 380. Accordingly, we affirm the PCRA court's dismissal of Fenner's petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/11/2022