**RULE 140.  BENCH WARRANTS FOR FAILURE TO APPEAR AT HEARINGS**

\* \* \*

**Comment**

\* \* \*

Pursuant to Rule 191, the juvenile court hearing officer is to submit his or her findings and recommendation to the court.  In bench warrant cases, the juvenile court hearing officer should immediately take his or her recommendation to the judge so the judge can make the final determination of whether the juvenile or witness should be released.  *See* Rule 191(**[C]D**).

If the findings and recommendation are not taken immediately to the judge, the juvenile court hearing officer is to submit the recommendation within one business day.  *See* Rule 191(**[B]C**).

**Official Note:**  Rule 140 adopted February 26, 2008, effective June 1, 2008.  Amended September 30, 2009, effective January 1, 2010.  Amended April 21, 2011, effective July 1, 2011.  Amended September 20, 2011, effective November 1, 2011.  Amended April 6, 2017, effective September 1, 2017.  **Amended May 4, 2018, effective July 1, 2018.**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 140 published with the Court's Order at 38 Pa.B. 1142 (March 8, 2008).  Final Report explaining the amendments to Rule 140 with the Court's Order at 39 Pa.B. 6029 (October 17, 2009).  Final Report explaining the amendments to Rule 140 published with the Court's Order at 41 Pa.B. 2319 (May 7, 2011).  Final Report explaining the amendments to Rule 140 with the Court's Order at 41 Pa.B. 5355 (October 8, 2011).  Final Report explaining the amendments to Rule 140 published with the Court's Order at **47** Pa.B. **2313** (**April 22, 2017**).  **Final Report explaining the amendments to Rule 140 published with the Court's Order at ___ Pa.B. ___ (_____, 2018).**

**RULE 191.  JUVENILE COURT HEARING OFFICER'S FINDINGS AND RECOMMENDATION TO THE JUDGE**

A. **Announcement of Findings and Recommendation.**  At the conclusion of the hearing, the juvenile court hearing officer shall announce in open court on the record, the juvenile court hearing officer's findings and recommendation to the judge.

B.  **Delinquency Recommendation.  If a recommendation includes an adjudication of delinquency:**

> 1) **the juvenile shall be advised of the right to challenge the recommendation pursuant to Rule 192; and**

> 2) **a colloquy and inquiry of post-dispositional rights shall be conducted pursuant to Rule 512(C).**

[B]C. **Submission of Papers and Contents of Recommendation.**  Within one business day, the juvenile court hearing officer shall submit a summary of the recommendation to the juvenile court judge.  If requested, a copy of the summary shall be given to the juvenile's attorney, the juvenile, if unrepresented, the attorney for the Commonwealth, and the juvenile probation officer.  The summary shall specifically state a recommendation to the judge.

[C]D.  **Judicial Action.**  The judge shall by order:

> 1)  accept the recommendation;

> 2)  reject the recommendation and issue an order with a different disposition;

> 3)  send the recommendation back to the juvenile court hearing officer for more specific findings; or

> 4)  schedule a rehearing under Rule 192 within seven days.

**Comment**

The juvenile court may promulgate a form for juvenile court hearing officers to use.  The summary of the recommendation may take the form of a court order to be adopted by the court.

**The requirements of paragraph (B) are intended to ensure the juvenile is advised of the right to challenge the juvenile court hearing officer's**

**recommendation and post-dispositional rights in the event the judge accepts the recommendation.** If a party **[contests]** __challenges__ the juvenile court hearing officer's decision, the copy of the summary may be used as an attachment in a motion for a rehearing in front of the judge.

The juvenile court hearing officer's decision is subject to approval of the judge. When the judge, in rejecting the juvenile court hearing officer's recommendation, modifies a factual determination, a rehearing is to be conducted. The judge may reject the juvenile court hearing officer's findings and enter a new finding or disposition without a rehearing if there is no modification of factual determinations. *See In re Perry*, 459 A.2d 789 (Pa. Super. 1983). The juvenile waives the right to complain of double jeopardy if the Commonwealth requests a rehearing before the judge. *See In re Stephens*, 419 A.2d 1244 (Pa. Super. 1980).

Nothing in this rule prohibits the court from modifying conclusions of law made by the juvenile court hearing officer.

**Official Note:** Rule 191 adopted April 1, 2005, effective April 1, 2006. Amended April 6, 2017, effective September 1, 2017. **Amended May 4, 2018, effective July 1, 2018.**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 191 published with the Court's Order at 35 Pa.B. 2214 (April 16, 2005). Final Report explaining the amendments to Rule 191 published with the Court's Order at __47__ Pa.B. __2313__ (__April 22, 2017__). **Final Report explaining the amendments to Rule 191 published with the Court's Order at __ Pa.B. __(__ __, 2018).**